THE MAYOR AND COUNCIL OF THE CITY OF ATLANTA, plaintiff in error, vs. JAMES P. PERDUE, defenant in error.

If a defect in the sidewalk of a municipal corporation, caused by an excavation made by a party in the erection of a building, has existed for such a length of time as by reasonable diligence in the performance of their duty, the defect ought to have been known by the corporate authorities, then notice will be presumed, and proof of actual knowledge will not be necessary to render such corporation liable for injuries thereby occasioned.

Municipal corporations. Streets. Notice. Before Judge HOPKINS. Fulton Superior Court. March Term, 1874.

For the facts, see the decision.

W. T. NEWMAN, for plaintiff in error.

B. F. ABBOTT, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for injuries sustained in falling into an excavation made in the defendant's sidewalk on Mitchell street, in the city of Atlanta, the same being one of the public streets in said city. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff for $725 00. A motion was made for a new trial, on the ground that the court erred in overruling the defendant's motion for a non-suit, because the plaintiff had failed to prove that the defendant had *notice* of the excavation in the sidewalk of the street at the time of the injury complained of, and because the court failed to charge the jury, that to entitle the plaintiff to recover he must prove that the defendant had *notice* of the excavation in the sidewalk of the street at the time of the injury. The motion for a new trial was overruled, and the defendant excepted. It appears from the evidence in the record, that the excavation in the sidewalk was made by a party who was erecting a building adjacent thereto, and the

excavation was made to allow grates to cover the area wall of the building. The excavation into which the defendant fell, in the night time, was eight or ten feet deep, no railing around it, nor lights there; the excavation had been there two or three weeks. The general rule of law is, that a municipal corporation is bound to keep its streets and sidewalks in a safe condition for travel in the ordinary modes, by night, as well as by day, and if it fail do so, it is liable for damages for injuries sustained in consequence of such failure. A municipal corporation is liable for injuries caused by its *neglect* or *omission* to keep its streets and sidewalks in repair, as well as for those caused by defects occasioned by the *wrongful acts of others.* In the latter class of cases the foundation of the action is *negligence,* and if the defect in the sidewalk or street had only existed for a short time, as for a night or a day, so that the defendant could not *reasonably* be presumed to have had any knowledge of it, then *notice* of the defect in the sidewalk or street, to the defendant, should be shown in order to make it liable. But if the defect in the sidewalk or street of the city, existed for such a length of time as by reasonable diligence in the performance of its duty, the defect *ought* to have been known by it, then notice will be presumed, and proof of *actual* notice is not necessary. The principle is this, that if the defendant, by the exercise of *reasonable* diligence in the performance of its duties, has the means of knowledge of defects in the streets and sidewalks, though caused by others, and negligently remains ignorant thereof, it is equivalent to actual knowledge. In the case before us, the excavation in the defendant's sidewalk had been there two or three weeks, and if it did not know that the excavation was there on one of its public sidewalks, it was because of its own *negligence,* and the law will charge it with a knowledge of that which it *ought* to have known in the performance of its duty to the public. There was no error in refusing the non-suit for want of proof of notice to the defendant of the excavation in its sidewalk, or in failing to charge the jury that to entitle the plaintiff to recover he must prove that the defendant had notice of the ex-

cavation in the sidewalk at the time of the injury complained of, on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.