Asa W. Chapman, plaintiff in error, *vs.* The Mayor and Council of the City of Macon, defendant in error.

1. Cellar doors opening out on the sidewalk and frequently and negligently kept or left open, endanger the use of such sidewalk in the night, and to persons of imperfect vision, by day, and the city is liable to suit by persons falling into said cellars and injured thereby, if it has notice of such negligent use of the cellars.

2. If such negligent use has continued a long time, notice will be presumed, and the city is chargeable therewith without actual proof of notice.

3. Whether the use of the doors in opening and leaving them open, has been proper and legitimate for the business of the owner, or capricious and unnecessary, and, if legitimate, whether habitually used 'so negligently as to endanger the passers by, are questions for the jury; and whether the plaintiff was so negligent himself, in venturing out in his then imperfect sight, as to prevent recovery on proof of negligence by the use of the occupier of the cellar and knowledge by the city, is also a question for the jury, and the court should not decide these questions itself by granting a nonsuit.

Municipal corporations. Streets. Notice. Non-suit. Before Judge Hill.   Bibb Superior Court.   October Term, 1875.

Chapman, *vs.* The Mayor, etc., of Macon.

Reported in the opinion.

RUTHERFORD & RUTHERFORD, by JACKSON & LUMPKIN, for plaintiff in error.

R. W. JEMISON, for defendant.

JACKSON, Judge.

Chapman alleged that in passing the sidewalk on third street in Macon, in the forenoon, he fell into an opening made by cellar doors in the sidewalk, and was thereby badly injured, and brought suit against the city. He proved on the trial that a few moments before the accident he had procured some eye water from Massenburg's drug store, and had gone to his place of business and applied the eye-wash, and on his return, the eye smarting, he had his handkerchief over it, the other eye not affected, being kept by him on the outer edge of the sidewalk, so as to keep on it, thinking he would thereby be safe; that when he passed over the sidewalk a few minutes before the doors were down, but on his return one of them was up and open, and stepping on that which was down nearest to him he made another step upon the opening made by the other door or leaf of the door, and fell in and was hurt. He amended his declaration, and offered to prove that the said cellar door had been frequently left open during the day and night for a long space of time previous to the injury complained of by the plaintiff, and of all which the defendant had notice. The amended declaration was sufficient to let in all this evidence, except perhaps the fact of the door being left open at night.

The court allowed the amendment but rejected the evidence because it was immaterial. It was further proven that the doors had been made in the sidewalk and used for forty years, and that plaintiff had regularly passed over the sidewalk to and from his meals daily for a long time.

The court non-suited the plaintiff, and this is the error assigned.

1. It is unquestionably the duty of the city of Macon to keep its streets and sidewalks in such condition that persons passing over them may have safe transit. They are so empowered by their charter, and the right of taxation is conferred to enable them to do so : 2 Dillon, sections 778, 789, and cases cited ; Code of city of Macon, sections 48, 43, 144, etc. ; 39 *Georgia Reports*, 728. In this case, it appears that the city permitted the sidewalk to be encroached upon by having openings into a cellar below through the sidewalk, with folding doors communicating thereto, and the fact that these folding doors were habitually, or *frequently left* open, was offered to be proven and the testimony rejected after amendment of the declaration, because, in the opinion of the court, it was immaterial, that is, because it could not alter the question made on the non-suit. We think that the city should keep its sidewalks free from danger to those who may pass over them, and that an opening in the sidewalk frequently made by leaving the cellar doors open, and all with the knowledge of the city, would make it liable to one injured by falling into the door thus left open, if such an one used due caution himself. If it were night and no lights to warn the passer were put near the opening, if no railing were there to prevent accident, and the walker should fall into the opening and be hurt, the city would unquestionably be liable, because the person injured would have good right to think he was safe while on the sidewalk, and could not see the danger. In the case at bar the plaintiff was passing the sidewalk in daylight, and if he had been in the possession of his eye-sight in full, he would undoubtedly have not fallen into the cellar and been injured, but he had applied eye-wash to one eye, had a handkerchief over it, and was repassing a place perfectly secure but a few moments before, and owing to his defective eye-sight he fell. The city is bound to keep its sidewalks in such condition that persons thus partially and for the moment blind might pass in safety, unless the jury should think that he was imprudent and careless, and guilty of negligence in venturing out in the condition of his eye-sight at the time

and with the handkerchief over it. Could he not have waited until a more favorable moment to return to pay for the eyewash ; for it seems he returned to the ·drug store to do that? Should he not, being well acquainted with this sidewalk, have been on his guard? Were these doors habitually *left* open or frequently *left* open needlessly, with no one to warn the passer by? Or were they merely used to go to the cellar and return at once to take goods thence or store them there in the legitimate business of the occupier of the cellar, and was he negligent, and frequently so, in the use of these doors for a lawful purpose, and was he so at this time particularly ? Whose fault was it, the plaintiff's or that of the occupier of the cellar, that the former was hurt ? Whose negligence caused it? These, we think, are the questions for adjudication in this case, and they are peculiarly questions for the jury.

The case of Davenport *vs.* Ruckman and the city of New York, seems more in point than any we have found. There it was ruled that the sidewalk is for all conditions of people, and at all times, and if one is injured whose sight is imperfect, or in passing by at night in reliance that the corporation keeps the sidewalks safe, the city is responsible if the sidewalk is not safe. It was also ruled in the same case that whether one whose sight is imperfect was so negligent as to lose her right to recover, is a question for the jury. The question, "was it so improper for her to have gone in the street unattended in her then condition of sight that it would be negligence on her part to do so, sufficient to prevent her from receiving compensation for injuries she might sustain from the negligence of others, while passing along the street," was properly, say the court, Chief Justice KENT delivering the opinion, left to the jury : 37 New York Reports, 568. So, in this case, we think that the questions of negligence here are for the jury. 1st. Was the occupier of the cellar in the habit of *leaving* his doors open, without any sign of warning, capriciously, or if he only left them open when legitimately using them for his business; was he negligent and careless so as to endanger passers by whose sight was affected at the time; ﹖

and, 2d, was the plaintiff so affected at the time with his eyes that it was so imprudent for him to venture out alone as to constitute such negligence of his own safety as to lose his right of recovery for the negligence of others?

2. If this were a single act of negligence the city could not be held liable, because it would not be charged with knowledge, nor could notice in fifteen minutes be given to it: Littlefield *vs.* City of Norwich, 40 Conn. R., 406.   But if the owner had been for a long time careless and negligent, the city would be presumed to have notice.   In this case the plaintiff proposed to prove actual notice, and as the proof was rejected, it must be considered in for the purpose of this non-suit.

3. On the whole, we think this case ought to be passed upon by the jury, and reverse the judgment of non-suit.   We do not say that the plaintiff should recover; we simply rule that he is entitled to go to the jury on the question of negligence; it is for them to say on those questions whether he can recover: 2 Dillon, section 785 to section 794; *City of Atlanta vs. Perdue,* 53 *Georgia Reports,* 607.

Judgment reversed.