THE MAYOR AND COUNCIL OF THE CITY OF ROME, plaintiff in error, *vs.* JOHN L. DODD, defendant in error.

1. A municipal corporation is bound to keep its streets, sidewalks and bridges in a safe condition for travel in the ordinary modes, by night as well as by day, and if it fails to do so, it is liable for injuries sustained in consequence of such failure.
2. Though the plaintiff may, in some way, have contributed to the injury sustained by him, yet that will not prevent his recovery if, by ordinary care, he could not have avoided the consequences to himself of the defendant's negligence.

Municipal Corporations. Roads and Bridges. Before Judge BUCHANAN. Floyd Superior Court. January Term, 1875.

Reported in the decision.

C. ROWELL; DABNEY & FOUCHE; SMITH & BRANHAM, for plaintiff in error.

WRIGHT & FEATHERSTON, for defendant.

ATLANTA, JANUARY TERM, 1877.     239

The Mayor and Council of the City of Rome vs. Dodd.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for injuries received in falling through a hole in a bridge across a ditch, in one of the defendant's streets, which the plaintiff alleged had been negligently and carelessly suffered to remain there, after full knowledge of its dangerous condition. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $1,841.00. The defendant made a motion for new trial, on the ground that the verdict was contrary to law, contrary to the evidence, and because the court erred in charging the jury that "if the plaintiff, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence (if the evidence shows negligence on the part of the defendant), the plaintiff will not be entitled to recover. But if the plaintiff did use ordinary care, and if while in the use thereof, by reason of the defendant's negligence, he sustained injury, the defendant will not be relieved, although the plaintiff may in some way have contributed to the injury sustained." The court overruled the motion for a new trial, and the defendant excepted.

The defendant was bound to keep its streets, sidewalks, and bridges in a safe condition for travel in the ordinary modes, by night as well as by day, and if it failed to do so, it was liable for injuries sustained in consequence of such failure—*The City of Atlanta vs. Perdue*, 53 *Ga. Rep.*, 607. There was no error in the charge of the court as to contributory negligence, even if the evidence had shown that the plaintiff, by his own fault, had contributed to the injury sustained by him in falling through the hole in defendant's bridge, which had been there for six weeks—Code, §2972. The verdict is sustained by the evidence, and therefore is not contrary to law, nor so excessive in amount as to authorize this court to interfere with it.

Let the judgment of the court below be affirmed.