THE CITY COUNCIL OF AUGUSTA, plaintiff in error, *vs.* JULIA HAFERS, by next friend, defendant in error.

1. Where in an action for damages against a municipal corporation, for injuries resulting from a cellar door, opening from the sidewalk, being left open, the plaintiff showed that such door was left open after dark, that she fell therein, and was injured, and that the occupant of the store with which such cellar was connected, was fined by the recorder of the corporation for a violation, on the occasion of the injury, of the ordinance which prohibits any person from

leaving open a cellar door after sun-down, a non-suit was properly refused.

2. Whether the system of the defendant in regard to allowing cellars on its sidewalks, in front of the business houses thereon, is reasonably calculated to insure the safety of those who travel on it by day or night, is a question of fact for the jury, and not a question for the court to decide in its charge.

Municipal corporations. Streets. Negligence. Charge of Court. Before Judge Gibson. Richmond Superior Court. April Term, 1877.

The case made by the plaintiff when the motion for a non-suit was made is sufficiently stated in the first headnote.

The only evidence on the subject of any system adopted by defendant as to allowing cellars beneath its sidewalks, was that of John W. Meyer, who testified, in substance, as follows : Am mayor of the city of Augusta, and was at the time this suit was instituted. Have been a member of council for a long time, and served as chairman of the committee on streets and drains. Do not know the cellar, but presume it extended on the sidewalk. Council has allowed property owners to dig cellars along the sidewalk on Broad street; never knew of any one being refused. Cellars are allowed to be kept open in the day-time.

The errors mainly relied upon were the overruling of the motion for non-suit and the charge.

For the remaining facts, see the decision.

J. C. C. BLACK, for plaintiff in error.

H. CLAY FOSTER; W. H. McLAWS, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for negligently allowing one

Golding, the owner of a lot on Broad street, in the city of Augusta, to dig and excavate along the sidewalk in front of said lot and the building thereon, an entrance to the cellar thereof, of the breadth of six feet, and the depth of ten feet, and to cover the same with doors, and afterwards, did allow and permit said Golding, as the occupant of said premises, to leave the doors covering the same open for long, unusual, and unnecessary periods of time, including day and night, to the imminent peril of passers along and over said thoroughfare and sidewalk, by reason whereof the plaintiff, in walking along said sidewalk, fell into said cellar, the doors of which had been negligently left open by the aforesaid occupant of the premises, and was seriously and painfully injured in and about her neck, face, and head, etc. On the trial of the case, the jury found a verdict in favor of the plaintiff for the sum of $375. The defendant made a motion for a new trial, on the grounds therein stated, which was overruled, and the defendant excepted. The court charged the jury, amongst other things, "that the sidewalks and streets of the city are the property of the citizens, for public use, and cannot be dedicated by the city council to any private uses to prevent or endanger its use by the public. If the council should permit the use of the streets or sidewalks for cellar, or other private uses, they are responsible for whatever injury accrues to the citizen from such use, the presumption being that they received a consideration equal to the risk or responsibility assumed."

1. There was no error in overruling the defendant's motion for a nonsuit. The evidence in the record is, that one of the clerks in Golding's store, opened the cellar door to get a box of grapes for a customer, carried it into the store, and before he could put the box down and get back to shut the door, the plaintiff fell into the cellar—did not get the grapes out of his hands before she fell into it. This occurred after sundown, when it was dark, and witness supposed it was the first time the cellar had been opened at night.

2. The basis of the plaintiff's right to recover damages of

the defendant is *negligence*, and that depends on the fact whether the system adopted by the defendant in allowing cellar doors in front of the business houses on its sidewalks, is reasonably calculated to insure the safety of those who travel thereon by day or night. Whether the system of the defendant in regard to allowing cellars on its sidewalks, in front of the business houses thereon, is reasonably calculated to insure the safety of those who travel on them by day or night, is a question of fact for the jury, and not for the court, to decide. If the system adopted by the defendant, in regard to allowing cellars on its sidewalks, in front of the business houses thereon, is reasonably calculated to insure the safety of those who travel on it either by day or night, then the question will arise, whether the defendant was liable to the plaintiff for negligence in allowing the use of the cellar by the owner thereof, under the evidence, according to the ruling of this court in *Chapman vs. The Mayor*, etc., *of Macon*, 55 *Ga. Rep.*, 566. The charge of the court was error, inasmuch as it assumed to decide the question of negligence, which would make the defendant liable in regard to allowing cellars on its sidewalks, instead of the jury.

Let the judgment of the court below be reversed.