The City of Atlanta *v.* Milam, and *vice versa.*

95  135
f113 155
113  157

95  135
p116 739

95  135
122  422

95  135
125   61

1. The duty of a city to keep a sidewalk reasonably safe for public use extends to all of the sidewalk intended for travel by the public as a thoroughfare, and is not confined to keeping in a safe condition a special part only of the sidewalk which happens to be most generally used.

2. The jury having, at the request of defendant's counsel, been permitted to personally inspect the obstruction upon the sidewalk which occasioned the injuries received by the plaintiff, and there being evidence to sustain a finding that, because of this obstruction, the sidewalk was not reasonably safe for the passage of pedestrians and that the city was negligent in permitting the obstruction to remain, and the charge of the court having fully and fairly guarded all the rights of the defendant, the discretion of the trial judge in refusing to set aside the verdict in the plaintiff's favor will not be overruled.

December 4, 1894.

Action for damages.  Before Judge Van Epps.  City court of Atlanta.  July term, 1894.

On the sidewalk of Alabama street near its intersection with Broad street was an iron grating adjoining a building, for the admission of light and air into the basement.  The grating was slightly above the level of the sidewalk, which was inclined downward from Broad street.  At one end of the grating was a thick piece of sheet-iron wedged between the grating and the flagstone, standing upon edge, being about three inches high at the wall of the building and sloping downward to a width of about a half-inch at the outside corner of the grating.  It had probably been so placed to retard the flow of surface-water into the area under the grating.  There was much travel over this sidewalk.  It appears that two persons had been thrown down by stumbling against this obstruction, before plaintiff was injured.  His place of business was near by.  He was walking in the evening over this way, under bright electric light, when his foot struck against the iron and he fell vio-

lently forward, breaking his knee-cap on the grating and inflicting a permanent injury. He sued the city, and obtained a verdict for $833. Defendant's motion for a new trial was overruled; the grounds of the motion being, that the verdict was contrary to law and evidence, and that the court charged thus: "This duty of diligence extends to the whole of the sidewalk which is intended for travel by the public as a thoroughfare for travel, and is not confined to any special part of the sidewalk in use by the general public in walking along there. It is bound to keep all of its width reasonably safe for persons to travel along its entire width." It was alleged that this charge was error, in that it did not fairly submit to the jury defendant's contention that the strip of iron was not an actionable defect in the street, but was only a proper part of an ordinary, necessary and reasonable appurtenance of the building abutting on the street.

Before the close of plaintiff's evidence, the court, on defendant's motion, sent the jury in charge of a bailiff to inspect the premises where the injury occurred; plaintiff objecting that there was no authority to send out the jury to take evidence in this manner, which could not be reviewed by the court; and that it was improper in this case, as plaintiff denied that the premises were in the same condition as when he fell. The overruling of this objection was assigned as error, by cross-bill of exceptions.

J. A. ANDERSON and FULTON COLVILLE, for the city.
ARNOLD & ARNOLD and C. D. HILL, *contra.*

LUMPKIN, Justice.

The facts are stated by the reporter. The law of this case is not very complicated. While, of course, in most American cities, water-plugs, telegraph and telephone poles, trees and other things are allowed upon

the margins of sidewalks, and pedestrians therefore are not expected to use such portions of the same as are occupied by these obstructions, still there can be no doubt, under the rules of law now settled by repeated adjudications in this and other jurisdictions, that the city authorities must keep in a reasonably safe condition all parts of its sidewalks which are intended to be used by the public. It may often happen that in a particular locality a comparatively narrow portion of a sidewalk, on either side or in the middle of it, is much more generally used than other portions of the same; but this does not relieve the municipal authorities from liability for negligence in permitting dangerous obstructions to be continuously maintained in places upon sidewalks over which the public have a right to pass, merely because those places are not so much used as others.

It appeared in this case that the obstruction over which the plaintiff fell had existed for a considerable time, and was located upon a portion of the sidewalk over which he had a right to walk. The evidence as to the dangerous character of the sidewalk was rather weak; so much so that we would very probably have set aside the verdict in the plaintiff's favor, had it not been for the fact that the jury, at the request of the defendant, were permitted to personally inspect the obstruction and form their own opinion concerning it by ocular demonstration. We are constrained to hold that they were better judges on the subject, after this opportunity of obtaining information, than we could possibly be from a mere paper report of the testimony introduced in the case. We will therefore allow the verdict to stand.

*Judgment affirmed. Cross-bill of exceptions dismissed.*