## CITY OF ROME *v.* STEWART.

1. There was evidence which authorized the jury to return a verdict for the plaintiff, and the amount fixed as the damages which she sustained was not, under the evidence submitted, excessive.
2. While the trial judge erred in permitting leading questions to be asked the plaintiff on her direct examination, and admitted in evidence her answers thereto, such error is not, under the rulings heretofore made by this court, sufficient to cause a reversal of the judgment.
3. The trial judge did not err in his instructions to the jury, of which complaint is made, nor in refusing to instruct the jury as requested.

Argued November 13, — Decided December 12, 1902.

Action for damages. Before Judge Reece. City court of Floyd county. April 1, 1902.

*Halsted Smith*, for plaintiff in error.
*Fouché & Fouché* and *McHenry & Maddox*, contra.

LITTLE, J. The defendant in error instituted an action against the City of Rome, to recover damages for injuries which it was alleged she sustained in consequence of a fall occasioned by an improperly constructed iron cylinder used, in the language of some of

the witnesses, as a "water cut-off," which was placed on the sidewalk of one of the streets of the city. She claimed that such cylinder was covered with an iron cap or top, and that this was loose and unsteady; that on the day named, while she was walking on said street, she stepped on the cap or covering of the cylinder; that it turned under her weight and threw her violently to the ground, inflicting permanent injuries, which were fully described; that she was without fault, but was injured in consequence of the negligence of the city in constructing said appliance, and in permitting said fixture to remain on the sidewalk in its then defective condition, projecting as it did above the sidewalk, and being loosely capped, etc. There was a general denial of liability on the part of the city. The trial resulted in a verdict for the plaintiff for $1,-000, and the city submitted a motion for a new trial, which being overruled, it excepted. It appears from the evidence introduced, that the City of Rome owned and controlled its system of waterworks; that the cylinder had been allowed to remain on the sidewalk projecting above the same for a number of years; and that different persons had fallen by coming in contact with the same. The evidence for the plaintiff was amply sufficient to authorize the jury to find that she was injured; that this injury was occasioned by her stepping on one of two cylinders so placed; and that they projected above the level of the sidewalk, according to the evidence of one of the witnesses, from an inch to two inches. It would seem that the city, being owner and proprietor of the waterworks system and having full control thereof, would be charged with notice of the condition of these cut-offs; and in addition to this, the time which they were shown to have existed on the street in that condition would of itself have been sufficient to charge the city with notice. For authority that one injured by a projection allowed to remain on the sidewalk has a cause of action against the city, see *City of Atlanta* v. *Milam*, 95 *Ga.* 135, wherein appears a state of facts very similar to those of the present case. The result of our examination of the brief of evidence induces the conclusion that if the jury believed the evidence submitted by the plaintiff, she was, as a matter of law, entitled to recover, as all essential elements requisite to a recovery were by such evidence sufficiently established; and in view of the character of the injuries received, as shown by some of the witnesses, we can not say that the amount

fixed as damages was excessive. The court did not, therefore, err in overruling the motion for a new trial on the first four grounds of the motion.

2. It is complained that the court, over objection, allowed plaintiff's counsel to ask leading questions of her while she was on her direct examination during the trial of the case, and permitted answers to the same to go to the jury, and that these questions were, in effect, direct suggestions to the plaintiff what to testify. A reference to the questions referred to, and plaintiff's answers thereto, shows that this criticism is a just one, and the objection raised by the defendant should have been sustained. The trial judge should not have permitted answers to the questions to be made. Our Civil Code, §5283, states, as the rule, that leading questions are only allowed in cross-examination. An exception is stated in the same section to be, that when from the conduct of the witness, or other reason, justice requires, the court may allow the party calling the witness to ask leading questions. This rule is a wise and salutary one, and ought to be observed, and a violation of it may, in many cases, defeat the ends of justice. We are, however, under precedents which have been established by this court, compelled to rule that a new trial does not necessarily follow because of this error, for such it clearly was. In the case of *Parker* v. *Ry. Co.*, 83 *Ga.* 539, Chief Justice Bleckley, in delivering the opinion of the court in that case, said, in response to a ground of a motion for a new trial which alleged error because the court allowed defendant's counsel to ask a witness leading questions, that: " It would be a very extreme case indeed in which the mere form of the questions to a witness would justify a reviewing court in setting aside the verdict and judgment." There, as here, the answers of the witness to such questions were relevant and admissible. The objection when fairly stated, however, there, as here, was that this evidence was obtained through the medium of leading questions. To the same effect see also *Doster* v. *State*, 93 *Ga.* 43. So far as I am concerned, if the question were an original one, I should be disposed to rule that the error alleged in this ground of the motion was sufficient to authorize a reversal of the judgment. In view, however, of the rulings of this court in relation thereto, the judgment can not be reversed in this case on that ground.

3. Complaints are further made that the trial judge erred in his

instructions to the jury in named particulars, and in refusing to charge the jury as requested by defendant's counsel. An inspection of the language of the charge complained of, and of that which the judge refused to give, brings us to the conclusion that no material error was committed in either of these two particulars. Possibly the charge in relation to the liability of the city for injuries caused by any defective condition of the waterworks properties, if it was ascertained that the waterworks system was owned and controlled by the city, was stated too broadly, but not sufficiently so to work a reversal of the judgment. The request to charge, which was made as a result of a portion of the argument of one of the counsel for the plaintiff, in our own opinion, need not, for a proper trial of the case, have been given. That portion of the argument to which reference was made, in so far as it tended to assert the existence of any facts, should not have been made, although it is not apparent that any harm was worked to the city in the trial by reason of the statements which it contained. The remarks were not, in our judgment, of sufficient gravity or importance to call for any direct charge in relation to the assertions of fact which the record discloses were contained in the argument made.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*