### 5519.  MAYOR AND COUNCIL OF MACON v. SMITH.

1. There being evidence in support of the plaintiff's allegations, that, while walking on a street of the city, she was injured by falling into a hole or washout, of which she did not know, that she was not wanting in ordinary care for her own protection at the time of the injury, and that the city failed to exercise the degree of care required of it to keep the street at that point in a reasonably safe condition for pedestrians, a verdict against the city was warranted.
2. Where there is no contention that the city is under a duty to erect barriers or maintain lights in a street at a particular place, it is not error for the court to refuse to give to the jury an instruction negativing such a duty on the part of the city.
3. It was not error to refuse to charge the jury that "where one voluntarily chose to take a path which was to a person in his condition manifestly dangerous, when one which was free from danger was easily accessible

to him, he is guilty of such negligence as will preclude his right to recover damages for the injuries sustained by him in using such unsafe and unsuitable way."

4. The question by the trial judge, "Who showed you the hole?" addressed to an alderman testifying at the trial, who replied, "I went with the city attorney," was not error prejudicial to the defendant.

5. The instruction that "if there is no preponderance of evidence, if the evidence stands equally balanced in the scale, [the plaintiff] is not entitled to a verdict in the case; if the preponderance of evidence is on the side of the issue as contended for by her, then she is entitled to a verdict," was not subject to the exception that it authorized a verdict against the defendant without regard to whether the defendant was negligent, or whether the plaintiff was wanting in ordinary care, or whether the place of the injury was in the street or not.

6. The plaintiff having amended her petition by substituting the word "street" for "sidewalk," in allegations as to injury from a hole in the sidewalk, a charge to the jury on the theory that the injury was from a hole in the street was not subject to the exception that the petition alleged that the hole was in the sidewalk.

DECIDED JUNE 22, 1914.

Action for damages; from city court of Macon—Judge Hodges. January 31, 1914.

*Walter Defore, Robert G. Plunkett,* for plaintiff in error.

*Ellis & Jordan, C. A. Glawson,* contra.

ROAN, J. Mrs. Ida Smith brought suit against the Mayor and Council of the City of Macon for injuries which she alleged she sustained by falling through a hole or cave-in on Shamrock street in that city. She alleged, that in walking along Shamrock street at night, she fell into a hole or washout, some five or six feet deep, which extended underneath the surface of the street; that she walked near to the opening or mouth of this hole and stepped on what appeared to be firm earth, and it caved in with her, throwing her violently into the excavation, and thus causing her to suffer severe and permanent injuries, the nature and extent of which were set out in her petition; and that her injuries were not caused by the want of ordinary care on her part, but were due to the negligence of the municipality in failing to keep its street at that point in reasonably safe condition for use by the traveling public. The defendant in its answer set up that the place where the plaintiff alleged she fell was not in Shamrock street, but was outside of it, on the right of way of the Central of Georgia Railway Company, and no duty devolved upon the city to keep this particular place safe for the use of pedestrians; and further that if the plaintiff

was injured as she alleged, it resulted from her failing to exercise ordinary care for her own safety, and from no fault or want of care on the part of the municipality. This statement embraces substantially the issues made by the pleadings. The trial resulted in a verdict in favor of the plaintiff for $1,000. A motion for a new trial on the usual general grounds was filed by the defendant, and was amended by adding the following grounds: (1) Because the court erred in refusing to grant a nonsuit, on motion of the defendant's counsel, after the plaintiff had closed her evidence. (2) Because the court erred in refusing to direct a verdict for the defendant after all evidence had been introduced. (3) Because the court erred in refusing to charge the jury as follows: "I charge you that a municipal corporation is under no duty to erect barriers or to maintain lights to prevent injury to persons seeking to enter upon or depart from a street from or upon private land at a point at which there is no traveled way, either public or private, and at which there is nothing to put the municipality on notice that an entrance is likely to be attempted there." (4) Because the court erred in refusing to charge the jury as follows: "I charge you that when one voluntarily chose to take a path which was to a person in his condition manifestly dangerous, when one which was free from danger was easily accessible to him, he is guilty of such negligence as will preclude his right to recover damages for the injuries sustained by him in using such unsafe and unsuitable way." (5) "Because during the progress of the trial the judge erred in that he prejudiced the defendant's case by asking the following question of Dr. W. G. Lee, an alderman of the City of Macon: Q. 'Who showed you the hole?' A. 'I went with the city attorney, Walter Defore.'" (6) Because the court erred in charging the jury as follows: "If there is no preponderance of evidence, if the evidence stands equally balanced in the scale, she is not entitled to a verdict in the case; if the preponderance of evidence is on the side of the issue as contended for by her, then she is entitled to a verdict." It was contended that this authorized a verdict against the defendant without regard to whether the defendant was negligent, or whether the plaintiff was wanting in ordinary care, or whether the hole was in the street or not. (7) Because the court erred in charging the jury as follows: "She would not, however seriously or grievously she may have been injured, be entitled to a verdict

against the city, unless it appears, from the consideration of the evidence adduced upon the trial of the case, that she was injured in the manner and form set out in her writ, by falling into a hole or excavation in Shamrock street in the City of Macon." It was contended that this instruction was erroneous because the plaintiff alleged that she was injured while on "the sidewalk" of Shamrock street. The 8th ground was abandoned in the brief filed by counsel for the plaintiff in error. The court overruled the motion for a new trial, and the case was brought to this court for review.

A municipality is required by law to keep its streets in a reasonably safe condition for travel, and a failure to do so will render it liable for damages to one injured thereby. See *Kennedy* v. *Savannah,* 9 *Ga. App.* 761 (72 S. E. 160) ; *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318) ; *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (38 S. E. 389). Where it is alleged in an action against a city that the plaintiff, while walking along a sidewalk on a public street of the city, was injured by reason of a defect in the street, of which the plaintiff had no notice and which by the exercise of ordinary care and caution the plaintiff could not have discovered, and there is evidence to sustain the contentions of the plaintiff, and the jury by its verdict finds in favor of the plaintiff's contentions, this court will not disturb the finding. There was sufficient evidence in this case to authorize the jury to conclude that the plaintiff, as a pedestrian, was using that portion of Shamrock street customarily used by pedestrians, when the cave-in occurred, precipitating her into a hole that had washed out at the side of the street, and injuring her, and also that she was not wanting in the exercise of ordinary care for her own protection at the time, and that the city had failed to exercise the degree of care required of it in keeping Shamrock street at that point in a reasonably safe condition for pedestrians. Questions of negligence or diligence are peculiarly questions for the jury, and where the court correctly defines, in the charge to the jury, the degree of care required of each of the litigants, it is then left with the jury to say how far the plaintiff or the defendant, in the light of the evidence, has come up to, or fallen short, of the degree of care required. The court committed no error in refusing to grant a nonsuit or in refusing to direct a verdict in favor of the defendant.

As there was no contention that it was the duty of the municipality to erect barriers or to furnish lights along the street in

which the injury is alleged to have occurred, the court properly refused the request to charge set out in the 3d ground of the amendment to the motion for a new trial. And in the light of the record the court committed no error in failing to charge as set out in the 4th ground. It is not apparent that the court in any way prejudiced the defendant's cause by propounding the question set forth in the 5th ground. The court committed no error in charging as alleged in the 6th ground. The instruction complained of is in accord with the law, the charge being to the effect that the jury must believe that the preponderance of the evidence is on the side of the issue as contended for by the plaintiff, before she would be entitled to a verdict. It is equivalent to saying that the jury must be satisfied by a preponderance of the evidence that her contentions as set out in her petition are true, before she would be entitled to a verdict in her favor, and if the evidence does not preponderate in her favor, then she would not be entitled to a verdict against the municipality. This was as favorable to the defendant as the law would allow.

The instruction complained of in the 7th ground is not erroneous. While the plaintiff's original petition alleged that she was injured by falling into a hole while walking on a sidewalk on Shamrock street, the petition was amended, before the charge was delivered, by striking out the word "sidewalk" and alleging that the defect was in the street known as Shamrock street.

It not appearing that any error of law was committed in the trial of this case, and there being sufficient evidence to authorize the jury to find in favor of the plaintiff on every issue, and the verdict, in the light of the evidence, not appearing to be excessive in amount, no reason appears to us why we should disturb it.

*Judgment affirmed.*