### 9391. MAYOR AND ALDERMEN OF SAVANNAH *v.* JONES.

"1. The maintenance, by a municipality, of a large waste-paper wooden box as a receptacle for trash and waste-paper, and the removal of the contents thereof by the employees of the municipality, is a duty connected with the preservation of the public health.

"2. The maintenance of such a box as just described and the removal of its contents is an act by a municipality in the performance of its governmental functions.

"3. The courts will take judicial cognizance of the fact that the maintenance by a municipality of such a box and the removal of its contents is a duty connected with the preservation of the public health, and is a part of the governmental functions of the municipality.

"4. Under the facts alleged in paragraphs 6 and 7 of the petition, the municipality was in the performance of a *governmental function* in maintaining and emptying the box above described, but the municipality was also under *ministerial* duty to keep its streets and sidewalks free from obstructions such as alleged. Consequently, under the facts alleged in the petition, *at the time of the injury* the exercise of the governmental function of emptying the box had ceased, and the ministerial duty of keeping the streets and sidewalks free from obstructions was obligatory, and the municipality would be liable in damages for negligence of its employees when the top or cover of the box was 'left open' so as to project it over the sidewalk and injure the plaintiff in the manner alleged."

DECIDED JUNE 9, 1919.

Action for damages; from Chatham superior court—Judge Meldrim. November 22, 1917.

*R. J. Travis, D. S. Atkinson,* for plaintiff in error.

*W. R. Hewlett, N. J. Norman,* contra.

BLOODWORTH, J. The foregoing headnotes are from the answers of the Supreme Court to questions certified to that court by this court in this case. 149 *Ga.* 139 (99 S. E. 294). Applying the rulings of the Supreme Court to the pleadings in the case, it is clearly apparent that the trial judge did not err in overruling the demurrers to the plaintiff's petition.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*