### 15281.  CITY OF BLAKELY *v.* FUNDERBURK.

BROYLES, C. J. 1. A city has the undoubted right to close temporarily one or more of its streets (for the purpose of making repairs thereon, or for the safety and convenience of the public) by placing obstructions therein; and where it has so closed one of its streets, and the obstructions are temporary and reasonable in their character, the city will not be liable for personal injuries resulting from a person driving against such obstructions, unless it further appears that the city failed to exercise ordinary care and diligence in safeguarding the obstructions. *Simon* v. *Atlanta*, 67 *Ga.* 618 (2); *Holliday* v. *Mayor &c. of Athens*, 10 *Ga. App.* 709 (2) (74 S. E. 67).

2. In the instant case the sole allegation of negligence in the petition is the bald statement that the city was negligent in placing the obstructions in the street. The petition clearly shows that the obstructions were temporary and reasonable in their character, and it fails to allege, literally or in substance, that the city did not take such precautionary measures for the protection of the persons using the street as ordinary care and diligence would require. Therefore, under the ruling enunciated in the preceding paragraph, the petition failed to set out a cause of action, and the court erred in overruling the general demurrer interposed.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., dissents.*

DECIDED NOVEMBER 15, 1924.

Action for damages; from Early superior court—Judge Yeomans. December 15, 1923.

*Glessner & Collins,* for plaintiff in error.
*J. T. Goree, W. G. Park,* contra.

BLOODWORTH, J., dissenting. The 10th paragraph of the petition is as follows: "Plaintiff shows further that the defendant,

through its officers and agents, had obstructed said street by placing on and across said street near the northwest corner of the place known as the Wade Grove, logs and cross-ties, making it impossible to pass along said street without striking said obstruction." This is alleged to be gross negligence. The petition was amended as follows: "Petitioner alleges that obstructions placed in said street, either by the City of Blakely acting through its proper officers or by some other person, were and remained in said street from about Tuesday, November 7th, 1922, until the following Monday, November 13th, 1922; that said obstructions were known to have been in said street by defendant, City of Blakely, and petitioner charges that they remained in said street for a sufficient time, prior to the time of injury of plaintiff, that said City of Blakely, by the exercise of reasonable diligence in the performance of its duties, had the means of knowledge of said obstruction, and it ought to have known of said obstruction." The court did not err in allowing this and the other amendments. To the petition demurrers, general and special, were filed, and upon these being overruled, exceptions pendente lite were taken. As I construe the petition the plaintiff planted her case squarely upon the general and well-recognized principle that "a municipal corporation is bound to keep its streets and sidewalks in a safe condition for travel in the ordinary modes, by night as well as by day, and in case of failure to do so, it is liable for damages resulting therefrom." *Mayor &c. of Milledgeville* v. *Cooley, 55 Ga.* 18 (1). Citing *Simon* v. *Atlanta, 67 Ga.* 618 (44 Am. R. 739), and *Robins* v. *McGehee, 127 Ga.* 431 (2) (56 S. E. 461), this court held, in *City Council of Augusta* v. *Jackson, 20 Ga. App.* 710 (1) (93 S. E. 304): "The primary purpose of a street is for passage and travel, and any unauthorized and illegal obstruction of its free use comes within the definition of a nuisance; and such obstruction as would leave the street or way in an unsafe condition or impair its use in an unreasonable manner or for an unreasonable time would render the city liable for any damage resulting therefrom." In *Brown* v. *Mayor &c. of Milledgeville, 20 Ga. App.* 392 (93 S. E. 25), this court held: "The general rule of law is that a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and if it fails to do so, it is liable for damages for injuries sustained in consequence

of such failure. *Mayor &c. of Atlanta* v. *Perdue, 53 Ga. 607, 608; Parker* v. *Macon, 55 Ga. 566, 568. . . .* A municipal corporation is liable for injuries caused by its neglect or omission to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes; and it is also liable for such injuries caused by its neglect or omission to remedy defects in its public streets or sidewalks, occasioned by the wrongful acts of another. In the latter class of cases the foundation of the action is negligence in failing to remedy the defect, and in the absence of actual knowl-edge the municipality is not liable unless the defect occasioned by the wrongful act of another has existed for such a length of time as to charge the municipality with notice of its existence. See *Mayor &c. of Atlanta* v. *Perdue,* supra." See also *Mayor &c. of Rome* v. *Dodd, 58 Ga.* 238 (1) ; *Town of Belton* v. *Vinton, 73 Ga.* 99; *Idlett* v. *Atlanta, 123 Ga.* 821 (51 S. E. 709). It is provided in section 3652 of the Civil Code of 1910 that, "for every injury done by another to person or property, the law gives a right to recover and a remedy to enforce it." In *Ellison* v. *Ga. Railroad Co., 87 Ga.* 699 (4) (13 S. E. 811), Chief Justice Bleckley said: "Relatively to the law of pleading a cause of action is some par-ticular legal duty of the defendant to the plaintiff, together with some breach of that duty which occasions loss or damage." In *Stafford* v. *Maddox, 87 Ga.* 540 (13 S. E. 560), the same learned jurist, citing certain sections of the code and Sedgwick on Damages, said: "Nothing is needed but a right in the plaintiff and some invasion of that right by the defendant."

What legal duty did the City of Blakely owe to the plaintiff in this case? The duty of keeping its streets in a "reasonably safe condition for travel in the ordinary modes by night as well as by day." Relatively to the City of Blakely, what right had the plain-tiff? The right to travel its streets without their being obstructed in such a way as would make it unsafe to use them in the ordinary modes of travel. By obstructing, as it did, one of its streets, the city invaded this right of the plaintiff, breached its duty to her, and she was injured as a result thereof. Under the rulings in the foregoing cases a right of action accrued to the plaintiff, and this right was sufficiently set out in the petition, and the demurrers thereto were properly overruled.

The facts in the cases cited and relied on by plaintiff in error

easily differentiate those cases from the one now under consideration.