*Frank Constangy, Joseph Jacobs, Paul E. Johnson, George B. Rush,* for defendants.

## 26783.   CITY OF BARNESVILLE *v.* SAPPINGTON.

DECIDED MAY 27, 1938.

*Christopher & Cantey,* for plaintiff in error.

*E. O. Dobbs,* contra.

GUERRY, J.   J. A. Sappington brought the present action against the City of Barnesville, for damages to his automobile. The petition alleged in substance that "while driving his car carefully and at a reasonable rate of speed, he suddenly and without warning ran into and encountered a pile of brush and limbs of trees, on his right side of the paved portion of the street, intended and used for the traffic of vehicles, which had been negligently placed and left in the roadway of said street, and allowed to remain there by said city authorities, in violation of their duty to keep the streets of said city open and clear of obstructions and safe for traffic thereon." By amendment the plaintiff clarified these allegations by setting forth that it was "not intended to allege that the brush was actually placed in the street by the city authorities, but that they were placed there by parties unknown to plaintiff, either the city au-

thorities or other parties by and with the consent of the city authorities, either expressed or implied, and were allowed to remain there by said authorities and not removed by them, as it was their duty to do." After this amendment the defendant withdrew all of its demurrers. The case proceeded to trial, and a verdict for the plaintiff in the amount sued for was returned. Exceptions are taken to the overruling of a motion for new trial.

"A municipal corporation is charged with the duty of exercising ordinary care in keeping its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel with reasonable safety." *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (179 S. E. 772) ; *City of Rome* v. *Dodd,* 58 *Ga.* 238; *Mayor &c. of Savannah* v. *Cullens,* 38 *Ga.* 334 (99 Am. D. 398) ; *Simon* v. *Atlanta,* 67 *Ga.* 618 (44 Am. R. 739) ; *Williams* v. *Washington,* 142 *Ga.* 281 (82 S. E. 656, L. R. A. 1915A, 325, Ann. Cas. 1916B, 196) ; *City of Dalton* v. *Humphries,* 139 *Ga.* 566 (77 S. E. 790) ; *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318) ; *City of Macon* v. *Smith,* 14 *Ga. App.* 703 (82 S. E. 162) ; *City of Macon* v. *Stevens,* 42 *Ga. App.* 419 (156 S. E. 718) ; *City of Cedartown* v. *Brooks,* 2 *Ga. App.* 583 (59 S. E. 836) ; *City of Americus* v. *Gartner,* 10 *Ga. App.* 754 (74 S. E. 70). A municipal corporation is thus liable for defects and obstructions existing in one of its public streets, created in or placed thereon by its own agents or employees, which render such street unsafe to persons passing along such street. *Mayor &c. of Savannah* v. *Waldner,* 49 *Ga.* 316; *Town of Belton* v. *Vinton,* 73 *Ga.* 99; *City of Blakely* v. *Funderburk,* 33 *Ga. App.* 119 (125 S. E. 602) ; *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139 (99 S. E. 294), s. c. 24 *Ga. App.* 4 (99 S. E. 469) ; *Holliday* v. *Athens,* 10 *Ga. App.* 709 (74 S. E. 67) ; *City of Rome* v. *Stone,* 46 *Ga. App.* 259 (167 S. E. 325) ; *City of Atlanta* v. *Buchanan,* 76 *Ga.* 585; *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (148 S. E. 421). Likewise a municipal corporation is liable for defects which are gradually brought about by the forces of nature, and for a defect or an obstruction created in or placed on a public street by a stranger, which renders such street unsafe for travel in the usual modes, where it had notice of such defect or obstruction and failed to exercise ordinary care in remedying or removing the same, or where the defect or obstruction had existed for a sufficient length

of time, which, when taken in connection with the nature of the defect or obstruction, and the other pertinent considerations, it could be reasonably said that the city should have known thereof, and had had reasonable time to repair or remove the same. *Parker* v. *Macon,* 39 *Ga.* 725 (99 Am. D. 486); *Chapman* v. *Macon,* 55 *Ga.* 566; *Brown* v. *Milledgeville,* 20 *Ga. App.* 392 (93 S. E. 25); *Idlett* v. *Atlanta,* 123 *Ga.* 821 (51 S. E. 709); *City of Rome* v. *Brooks,* 7 *Ga. App.* 244 (66 S. E. 627); *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (126 S. E. 883); *City of Brunswick* v. *Glougauer,* 158 *Ga.* 792 (124 S. E. 787); *Coker* v. *Rome,* 53 *Ga. App.* 533 (186 S. E. 585); *City of Rome* v. *Brinkley,* 54 *Ga. App.* 391 (187 S. E. 911); *Butler* v. *Atlanta,* 47 *Ga. App.* 341 (170 S. E. 539); *Lundy* v. *Augusta,* 51 *Ga. App.* 655 (181 S. E. 237); *Ellis* v. *Southern Grocery Stores Inc.,* 46 *Ga. App.* 254 (167 S. E. 324); *City of Waycross* v. *Howard,* 42 *Ga. App.* 635 (157 S. E. 247); *City of Atlanta* v. *Hampton,* 139 *Ga.* 389 (77 S. E. 393); *City of Americus* v. *Johnson,* 2 *Ga. App.* 378 (58 S. E. 518); *Braddy* v. *Dublin,* 41 *Ga. App.* 603 (154 S. E. 204); *Bellamy* v. *Atlanta,* 75 *Ga.* 167; *City of Atlanta* v. *Milam,* 95 *Ga.* 135 (22 S. E. 43); *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (38 S. E. 389); *City of Rome* v. *Stewart,* 116 *Ga.* 738 (42 S. E. 1011); *Mayor &c. of Atlanta* v. *Perdue,* 53 *Ga.* 607; *Mayor &c. of Milledgeville* v. *Cooley,* 55 *Ga.* 17; *Enright* v. *Atlanta,* 78 *Ga.* 288; *City of Rome* v. *Suddeth,* 116 *Ga.* 649 (42 S. E. 1032); *Boney* v. *Dublin,* 145 *Ga.* 339 (89 S. E. 197, Ann. Cas. 1918A, 176); *City of Atlanta* v. *Hawkins,* 45 *Ga. App.* 847 (166 S. E. 262); *City Council of Augusta* v. *Hafers,* 59 *Ga.* 151; *Dempsey* v. *Rome,* 94 *Ga.* 420 (20 S. E. 335).

Questions of negligence and diligence are generally for determination by the jury; and where a suit is brought against a municipality, as in the instant case, for injuries to personal property, alleged to have been brought about by the existence of an obstruction in a public street of the municipality which was not shown to have been placed there by the city, the issue whether or not, where no actual notice of the obstruction is shown, it had existed for a sufficient length of time to charge the city with negligence in failing to discover and remove the same, should be generally left to the determination of the jury, unless it is plain and palpable, as a matter of law, that such defect or obstruction had not existed

for a sufficient length of time to charge the municipality with negligence in connection therewith. *City of Rome* v. *Brooks, City of Rome* v. *Brinkley, Braddy* v. *Dublin, Enright* v. *Atlanta*, supra. Cf. *Nunez* v. *Emanuel County*, 22 *Ga. App.* 219 (95 S. E. 718). The length of time that must elapse from the creation or placing of the obstruction in the street or sidewalk of the municipality, in order to authorize a finding of negligence against the municipality in connection therewith, will, of course, vary according to the location and nature of the defect. A shorter length of time may be sufficient in connection with an open and notorious defect or obstruction, than with a defect or obstruction not notorious and of a minor nature. As to a defect such as the projection of limbs cut from trees and other trash into the street for several feet, as in the present case, "An impractical or unreasonable amount of inspection should not be required of the corporation, but only such as prudence, good sense, and reason make necessary. . . If the defect had been in existence for only a short time, and the agents or officers of the city had no knowledge of it, or a sufficient length of time had not elapsed so that they ought to have known of it in the exercise of ordinary care and diligence, the corporation should not be held liable for an injury resulting because of the defect." *Mayor &c. of Jackson* v. *Boone*, 93 *Ga.* 662 (20 S. E. 46). "If the defect in the sidewalk or street had only existed for a short time, as for a night or a day, so that the defendant could not *reasonably* be presumed to have had any knowledge of it, then *notice* of the defect in the sidewalk or street, to the defendant, should be shown to make it liable." *City of Atlanta* v. *Perdue*, supra.

In the present case the obstruction complained of was a pile of brush and limbs of trees, which limbs and brush, according to the evidence, projected three or four feet into the street. It appears that the accident occurred "about 6:30 or 7 o'clock." There was no evidence that the defendant municipality had actual notice of the existence of the obstruction before the accident. The only evidence introduced tending to show how long the obstruction existed before the accident was the testimony of a witness for the plaintiff, to the effect that to the best of his recollection he saw the same pile of brush and limbs in the street about 4 o'clock the same afternoon of the accident. We think it is plain and apparent that

this evidence does not make out a case of negligence against the defendant, and so hold. See *Mayor &c. of Montezuma* v. *Wilson,* 82 *Ga.* 206 (9 S. E. 17, 14 Am. St. R. 150). The existence of such an obstruction, situated as it was, for a mere few hours, would not authorize the jury to find that in the lapse of such time the municipality should have known thereof. Any other ruling would require almost a constant inspection of its streets by the municipality.

The ruling here made is not contrary to the decisions in *Brown* v. *Milledgeville,* supra, where the petition alleged that the defect in the sidewalk had existed "for a long period of time;" *Idlett* v. *Atlanta,* supra, where the defect (a hole in the sidewalk) was alleged to have existed "about six months;" *City of Brunswick* v. *Glougauer,* supra, where the defect (an irregular place in the sidewalk) was shown to have existed "for a number of years;" *Coker* v. *Rome,* supra, where the petition alleged that the defect (a hole in the sidewalk) had existed for "six months;" *City of Rome* v. *Brinkley,* supra, where the petition alleged that the defect (unevenness of the sidewalk) had existed "for more than two years;" *Lundy* v. *Augusta,* supra, where the petition alleged that the defect (accumulation of sand in the street) had existed for "a number of days;" *City of Waycross* v. *Howard,* supra, where it was shown that the obstruction in the street (an iron rod about three fourths of an inch in diameter, and about twenty-four feet in length) had existed "for more than a week;" *Braddy* v. *Dublin,* supra, where it was shown that the defect (a loose cap of a water-meter box situated near the edge of a sidewalk) had existed for about twenty-four hours, and that after the defect was created by a plumber the city plumbing inspector made an inspection about the premises; *City of Rome* v. *Dodd,* supra, where it was shown that the defect (a large hole in a bridge) had existed for six weeks; *City of Rome* v. *Stewart,* supra, where it was shown that the defect (an improperly constructed iron cylinder used, in the language of some of the witnesses, as a "water cut-off," which was placed on the sidewalk) had existed for a "number of years," and "that different persons had fallen by coming in contact with the same;" *City of Atlanta* v. *Perdue,* supra, where it was shown that the defect (an excavation) had existed "two or three weeks;" *City of Atlanta* v. *Hawkins,* supra, where it was shown that the defect (defective lid to

a water-meter situated on the sidewalk) had existed for a "month or more;" or to *Dempsey* v. *Rome,* supra, where it was shown that the defect (a hole in the street) had existed for "two weeks or longer." Nor is the ruling here made contrary to any other decision to which our attention has been called, or to any that our research has revealed. Under the above ruling the judge erred in overruling the motion for new trial on the general grounds.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*