## 27013. CITY OF ROME *v.* HANSON.

DECIDED SEPTEMBER 24, 1938.  REHEARING DENIED NOVEMBER 3, 1938.

*Lanham & Parker,* for plaintiff in error.

*Maddox & Griffin,* contra.

GUERRY, J.  "A municipal corporation is charged with the duty of exercising ordinary care in keeping its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel with reasonable safety." *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (179 S. E. 772) ; *City of Barnesville* v. *Sappington,* 58 *Ga. App.* 27 (197 S. E. 342). While it is true that as to defects in or obstructions on a public street, not created in or placed thereon by any of its agents or servants, the city is liable to one sustaining injury by reason thereof only "where it had notice of such defect or obstruction and failed to exercise ordinary care in remedying or removing the same, or where the defect or obstruction had existed for a sufficient length of time, which, when taken in connection with the nature of the defect or obstruction, and the other pertinent considerations, it could be reasonably said that the city should have known thereof, and had had reasonable time to repair or remove the same" (*City of Barnesville* v. *Sappington,* supra), and therefore that a city would not be liable for the existence of a latent defect not discoverable by the exercise of ordinary care, it is the well-established general rule that whether the defect was such as the municipality should have discovered the same in the exercise of ordinary care in keeping the streets and sidewalks in a reasonably safe condition is a question for the jury. *City of Barnesville* v. *Sappington,* supra and cit.  In the present case the defect consisted of a hole (post-hole) in "a grass-covered parkway approximately five feet in width," situated between the paved sidewalk and the street.  The evidence clearly

shows that the defect had existed for at least three years before the injury to the plaintiff. The defendant takes the position that it is shown that the hole was covered with grass, and therefore that it was a latent defect which it could not have discovered by the exercise of ordinary care. It may be true that at the time of the injury the hole was not visible upon ordinary inspection. However, it does not appear that this condition had been such during the entire existence of the defect. On the other hand it appears that the plaintiff had had her attention called thereto at least two years previously. The plaintiff's aunt testified: "I had quite frequently been on the sidewalk in front of my home and in the parkway in front of my home. There was a hole between the sidewalk and the curbing, in the parkway. I had lived there at 802 Maple Street at the time Mrs. Hanson was hurt, since September, 1932. As to the hole, I found it in about six weeks after we came there. It stayed there all the time. From then right on to the time it was filled up after Mrs. Hanson was hurt. There was Bermuda grass on that parkway. In the winter time that grass died down out there. That hole was easier to see in the winter time when the grass was down. You could see it very plain in the winter. . In the summer time the grass grew over it and almost covered it in the summer."

The fact that it appears that a goodly number of pedestrians had walked along this sidewalk many times and had never seen the hole does not require a finding that the defendant, in fulfilling its legal duty to keep its streets in a reasonably safe condition, should not have discovered and removed it. It has been aptly said that "Ordinary diligence on the part of a person driving upon a street, and ordinary diligence on the part of the city in constructing and repairing the street, do not imply a like degree of vigilance in foreseeing danger and guarding against it." *Wilson* v. *Atlanta*, 63 *Ga.* 291 (2). We are confident that this is not a case where we can interfere with the verdict of the jury. If this puts an intolerable burden upon a municipality, the law should be changed by the legislature. We wish to make it plain that we do not hold or intimate that in a case of this character the jury should find for the plaintiff, but merely that where they, men of the vicinage, hold the municipality negligent under such facts, we can not interfere with their finding. The fact that the plaintiff, several years be-

fore her injury, had her attention called to the existence of the defect, does not as a matter of law, under the facts presented, bar a recovery by her against the city. At the time of her injury the plaintiff was visiting in the City of Rome, and had not been to the house of her aunt, in front of which the hole was situated, for about two years before this visit. She had been there only a few days before the accident. The accident occurred at night as she was getting out of an automobile. See *City of Silvertown* v. *Harcourt,* supra; *Dempsey* v. *Rome,* 94 *Ga.* 420 (20 S. E. 335). The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*