PETER J. STROZER, relator, plaintiff in error, *vs.* GILBERT J. WRIGHT, judge, defendant in error.

1. One-half of the judges of the superior courts of this state, under art. v., section 3, of the constitution of 1868, at their first appointment, whether for circuits created since the adoption of said constitution or before, must

be commissioned, as near as may be, for four years, and the other half for eight years.

2. Where the governor has exercised his constitutional power of appointment, which has been confirmed by the senate, and the appointee commissioned as judge of the superior court for the term of four years, his power was exhausted, and it was not competent for him to recall that commission and to appoint such judge for the term of eight years.

Constitutional law. Judges. Appointment. Officers. Before Judge KIDDOO. Dougherty county. At Chambers. March 19th, 1875.

For the facts, see the decision.

R. H. CLARK; B. H. HILL & SON; H. MORGAN; SMITH & JONES, for plaintiff in error.

N. J. HAMMOND, attorney general; L. E. BLECKLEY; D. P. HILL; L. P. D. WARREN; JOSEPH ARMSTRONG, for defendant.

WARNER, Chief Justice.

This case came before the court below on a writ of *quo warranto*, at the instance of Peter J. Strozer, to inquire by what authority Gilbert J. Wright held and exercised the powers and duties of judge of the superior courts of the Albany circuit, ousting the said Strozer therefrom. By agreement, the presiding judge was to decide both the law and facts of the case, and on the hearing thereof the following evidence was introduced by plaintiff:

1st. Notice to G. J. Wright of the objection to his taking the office, served upon him February 25, 1875.

2d. Commission of Peter J. Strozer to the office of judge of the Albany circuit for eight years, dated the 20th of October, 1870, and signed by Rufus B. Bullock, governor of the state.

3d. Copy of the oath taken by Judge Strozer, dated the 20th October, 1870.

Defendant introduced in evidence his commission as judge of the Albany circuit, issued by James M. Smith, governor,

Strozer *vs.* Wright.

dated the 25th February, 1875.   Defendant introduced a certified copy from the executive department of his appointment as judge of the Albany circuit, by the governor, and the confirmation of the same by the senate, dated the 19th day of February, 1875.   The defendant also introduced a copy of the commission to Peter J. Strozer as judge of the Albany circuit for four years, dated the 20th day of October, 1870, and signed by Rufus B. Bullock, governor.   Defendant introduced so much of the journal of the senate of 1870 as relates to the nomination and confirmation of plaintiff in error for four years, as judge of the Albany circuit.   Plaintiff in error, Peter J. Strozer, testified that he accepted the commismission issued to him by Governor Bullock for four years; that he took the oath of office at the time of receiving it, and did not take said oath after it, or under the eight years commission; that he received as salary $2,500 00 per annum in gold, or its equivalent; was holding court in Decatur county when he received notice of the second commission.   This was five or six days after receiving first commission; he returned to the governor the first, and received second commission.   Plaintiff in error then introduced so much of the journal of the senate of 1870 of the state of Georgia as related to the renewal of his appointment as judge, dated October 20, 1870, to-wit:

" The following communication received from his excellency was then taken up and read :

' EXECUTIVE DEPARTMENT,
'ATLANTA, GEORGIA, October 19, 1870.

' *To the Senate :*

'By virtue of the authority vested in me by the constitution and laws of this state, I hereby appoint the honorable Peter J. Strozer, of the county of Dougherty, judge of the superior courts of the Albany judicial circuit, for the term of four years, from the nineteenth day of October, one thousand eight hundred and seventy, and respectfully ask the consent of the senate thereto.              RUFUS B. BULLOCK.'

VOL. LIV. 26.

'The nomination by his excellency of the honorable Peter J. Strozer, of the county of Dougherty, to be judge of the superior courts of the Albany judicial circuit, for the term of four years, from the nineteenth day of October, eighteen hundred and seventy, was then confirmed by the senate.

'SENATE CHAMBER, EXECUTIVE SESSION,
    'ATLANTA, GA, Tuesday, October 25, 1870.

'The senate went into executive session at 9:20 P. M., when the following communication of his excellency was taken up and read:

'EXECUTIVE DEPARTMENT,
    'ATLANTA, GEORGIA, October 25, 1870.

' *To the Senate:*

'I hereby renew the appointment of the honorable Peter J. Strozer, of the county of Dougherty, to be judge of the superior courts of the Albany judicial circuit, for the term of eight years, in pursuance of, and in accordance with, paragraph 1, section 3, article v., of the constitution of this state, instead of four years, as set forth in my communication of the nineteenth instant, and respectfully ask the concurrence of your honorable body thereto.     RUFUS B. BULLOCK.'

'On motion, the nomination by his excellency of the honorable Peter J. Strozer, of the county of Dougherty, to be judge of the superior courts of the Albany judicial circuit, for the term of eight years, instead of four years, as set forth in his communication of the nineteenth instant, was taken up and confirmed by the senate."

After hearing the evidence and the argument of counsel, the court refused by its judgment to oust the defendant, Wright, from said office, whereupon the plaintiff excepted.

1. By the 3d section of the 5th article of the constitution of 1868, it is declared "that there shall be a judge of the superior courts for each judicial circuit. He may act in other circuits when authorized by law. At the first appointment of *such* judges, under this constitution, one-half of the

number (as near as may be) shall be appointed for four years, and the other half for eight years; but all subsequent appointments, except to fill unexpired terms, shall be for the term of eight years." The Albany circuit, for which Judge Strozer was appointed and commissioned, was a new circuit created by the general assembly after the adoption of the constitution of 1868. Whatever may have been the reason therefor, it was clearly the intention of the framers of the constitution that the terms of office of only one-half of the judges of the superior courts should expire at the same time, and the same reasons therefor which were applicable to the judges of the circuit courts in existence at the time of the adoption of the constitution, would be also applicable to the judges of new circuits thereafter created. The same declared policy of the state would be as applicable to the judges of new circuits as to the judges of the old circuits which had been created prior to the adoption of the constitution, and that declared policy of the state was to be regulated and carried into effect by making the *first* appointment of judges of the respective circuits in the state, for the new, as well as for the old circuits, in the manner prescribed by the constitution; that is to say, at the *first* appointment of *such* judges, one-half of the number (as near as may be) shall be appointed for four years, and the other half for eight years, but all subsequent appointments, except to fill unexpired·terms, shall be for eight years. It is insisted that the words "first appointment" were intended to apply only to the judges who were to be appointed for the circuits which had been created prior to the adoption of the constitution, and not to the appointment of judges for new circuits. If we take into consideration that it was the object and intention of this provision of the constitution that only one-half of the judges of the state should be appointed for four years at their *first* appointment, and the other half for eight years, why does not that provision apply to the *first* appointment of judges for *new* circuits as well as for the *old* circuits? The same public policy which would require the appointment of judges to be so made at their *first*

appointment for the one, would be equally applicable to the other ; and all subsequent appointments after the *first,* whether for old or new circuits, should be for the term of eight years. The judges of *new* circuits are as much judges of the state, under the constitution, as the judges of the *old* circuits, and the same public policy applicable to the *first* appointment of the one, is equally applicable. to the *first* appointment of the other. The constitution makes no distinction between the *first* appointment of judges for new circuits and the *first* appointment of judges for old circuits. One-half of the judges of the circuits in the state (as near as may be) at their *first* appointment, whether for new or old circuits, shall be appointed for four years, and the other half for eight years.

2. Disclaiming any power or authority to interfere with the exercise of the appointing power of the executive department of the government, conferred on it by the constitution, we can only inquire and ascertain what are the legal rights of the parties before us under the appointments made by that co-ordinate department of the government. It appears, from the evidence in the record, that Judge Strozer was appointed and commissioned by Governor Bullock, on the 20th of October, 1870, as judge of the Albany circuit, for the term of *four* years, and that he took the oath of office under that appointment; that subsequently thereto, to-wit: on the 25th of October, 1870, Governor Bullock appointed him judge of the Albany circuit for the term of *eight* years. Both appointments were confirmed by the senate. The commission for eight years bears the same date as the commission for four years, although it is quite clear from the evidence in the record, that the appointment for eight years was not made until five days after the other appointment, and commission issued. When the last commission for eight years was received by Judge Strozer he returned the first, but did not take the oath of office under the second appointment; and the question to be decided is, under which appointment was he the legal judge of the Albany circuit? In other words, did he have a legal right to the office of judge of the Albany circuit for the term

of *four* years, or for the term of *eight* years, on the statement of facts disclosed in the record? The Albany circuit was a new circuit, and the appointment of Judge Strozer was the *first* appointment of a judge for that circuit. Governor Bullock had the power and authority, under the constitution, to appoint him judge of that circuit for the term of four years, and he did so appoint and commission him, and Judge Strozer accepted that appointment, and took the oath of office under it. When Judge Strozer accepted the office under that appointment, his right and title thereto was perfect and complete for the term of *four* years. When Governor Bullock had exercised his constitutional power of appointing a judge for the Albany circuit for the term of four years, his constitutional power in relation to the appointment of a judge for that circuit during that period of time, (unless in case of a vacancy,) was *exhausted.* The governor had no more constitutional power to recall that appointment for four years, and appoint Judge Strozer for eight years than he would have had if he had appointed him for eight years, and afterwards recalled that appointment, and appointed him for four years. The principle is the same in the one case as in the other. It, therefore, follows that the second appointment of Judge Strozer for the term of eight years was a nullity, inasmuch as Governor Bullock had no constitutional power to make that second appointment at the time he did make it. Judge Strozer was legally appointed judge of the Albany circuit for the term of *four* years, and at the expiration of that time the office became vacant, and it was the constitutional duty of Governor Smith to fill it by making another appointment, which he has done by appointing Judge Wright, who is now lawfully exercising the duties of judge of the superior courts of the Albany circuit, under the appointment and commission of Governor Smith, as set forth in the record. There was no error in refusing to render a judgment of *ouster* against Judge Wright at the instance of the plaintiff in error.

Let the judgment of the court below be affirmed.

McCAY, Judge, concurring.

1. Article v., section 3, paragraph 1, of the constitution of 1868, is as follows: "There shall be a judge of the superior courts for each judicial circuit. He may act in other circuits, when authorized by law. At the first appointment of such judges under this constitution, one-half of the number (as near as may be) shall be appointed for four years, and the other half for eight years; but all subsequent appointments, except to fill unexpired terms, shall be for the term of eight years." Under this section, it is contemplated and provided that the judges of the superior courts for each judicial circuit, whether of circuits then existing or thereafter to be created, shall, upon their first appointment, be appointed for four or eight years, so that, as nearly as may be, one-half of such judges shall be appointed for four and one-half for eight years.

2. Under the *status* of the circuits, as they existed at the date of the appointment of Judge Strozer by Governor Bullock, to be judge of the Albany circuit for four years, on the 19th day of October, 1870, it was competent for Governor Bullock to appoint a judge of that circuit to hold for four years, and he having so appointed him, and after confirmation by the senate, so commissioned him, his power of appointment was exhausted, and it was not competent for him to afterwards withdraw that appointment and appoint him for eight years.

3. Under these rules, the office of judge of the superior courts of the Albany circuit was vacant at the date of the appointment of Judge Wright, on the 19th day of February, 1875, and his appointment by Governor Smith was valid and constitutional.