### 14152.   CITY OF BRUNSWICK *v.* GLOGAUER.

STEPHENS, J.  1.  A person injured by stumbling over a raised and displaced tile projecting above the level of the sidewalk, over which such person, who had the capacity to see, was traveling in broad daylight, is not barred from a recovery upon the ground of contributory negligence, where it appears that such defective condition was to some extent obscured by a shadow, and that such person had no actual knowledge of the existence of such defect in the sidewalk.

2. While a municipal corporation may not fail in its duty to keep its sidewalks in repair by merely permitting them to exist with certain irregularities upon the surface of the pavement, yet where there is a defect, such as appears from the evidence in the case under consideration, which consists of a raised and irregular surface upon the sidewalk, caused by the root of an adjacent tree growing under the sidewalk and disarranging the tiles and causing one of them to project above the level of the sidewalk, which condition has been allowed to remain for a period of years, it is a question of fact for the jury as to whether or not the city in maintaining the sidewalk in such condition was negligent.

3. Assuming that the sidewalk lay north and south, and that a stack of brick was on the eastern side, and that therefore at the time when the plaintiff was hurt it was impossible for such brick to cast a shadow towards the west after the noon hour, this fact will not conclusively rebut the testimony of a witness to the effect that the brick caused a shadow over the unrepaired portion of the sidewalk, when it appears from the evidence that there were trees along this portion of the sidewalk and a fence to the west, from which facts it could be inferred that the plaintiff's testimony as to the existence of the shadow was true, and a jury could infer that the plaintiff's attributing such shadow to the bricks was a mistake.

4. The plaintiff, a widow at the time of the trial, although a married woman at the time of the injury and the filing of the suit, in which she was seeking to recover for personal injuries alleged to have been caused by a defect in a sidewalk, was entitled to recover for any damage which she may have sustained by reason of impaired earning capacity, since it appears that it was not insisted that she could not recover for such item of damage in the pending suit.  An instruction by the trial judge that the jury must compute such damage from the time of the trial was not error as against the defendant.  The evidence made such an issue; and the charge was not further objectionable upon the ground that it was not adjusted to the evidence.

5. The financial inability of the municipality to keep its sidewalks in repair will not excuse it for negligently allowing the sidewalks to remain unrepaired.

6. The fact that many other people had safely passed over the same sidewalk when in the same condition as when the plaintiff was injured, and the fact that no claims for injuries to persons by reason of defective sidewalks had been filed against the city prior to the plaintiff's

injuries and while the sidewalk upon which the plaintiff was injured was in the same defective condition, are immaterial to throw any light upon the question of ordinary care upon the part of the city, and were in no wise relevant to the issues in the case.

7. Where two witnesses have made conflicting statements in their testimony, it is not error to refuse to allow one of them, on cross-examination, to state whether or not the other witness testified correctly.

8. The evidence supports the verdict.

> Judgment affirmed. Jenkins, P. J., and Bell, J., concur.
> DECIDED SEPTEMBER 15, 1923.

Action for damages; from Glynn superior court — Judge Highsmith. October 14, 1922.

Certiorari was granted by the Supreme Court.

R. D. Meader, for plaintiff in error.

Krauss & Strong, contra.