### 15471.  MAYOR AND ALDERMEN OF SAVANNAH *v.* WATERS.

It was in the exercise of a governmental function that the street-sweeper employed by the municipality, as appears from the plaintiff's petition, swept up and piled in the street the leaves, sticks, and other trash which covered it, and set fire to the. pile; and therefore the municipality was not liable for the injuries alleged to have resulted from negligence of the sweeper in setting fire to the trash and leaving it unguarded.

DECIDED DECEMBER 15, 1924.

Action for damages; from city court of Savannah—Judge Freeman. February 23, 1924.

*F. P. McIntire,* for plaintiff in error.

*Oliver & Oliver, John Z. Ryan,* contra.

JENKINS, P. J. The amended petition for damages against the municipality on account of the death of the plaintiff's daughter, aged four years and fourteen days, in effect alleged, that while the plaintiff was necessarily absent from her home in the city, a street-sweeper, who was an employee of the municipality, swept up with a scrub-brush a quantity of leaves, sticks, "and other trash," which covered the paved street, and after piling them in front of the gate to the plaintiff's home, set fire to the pile of trash and went away; that the child played about the flame, and her clothing caught fire, and this caused injuries which resulted in her death; and that the city was negligent "in that the street-sweeper who was an employee" thereof "set fire to the pile of trash and left it unguarded, and did not take other measures to prevent children from playing about the fire and becoming burned and injured."

Exception is taken to the overruling of general and special demurrers to the petition.

"The duty of keeping the streets of a municipality free from matter which, if allowed to remain, would affect the health of the public, is a governmental function, the exercise of which would exempt the municipality from liability to a suit for damages" for the negligence of servants of the city while actually engaged "in and about such work." And thus a petition which relates to the work of hauling in a municipal cart "the sweepings of the street" describes a governmental function, and this is so notwithstanding the petition describes such sweepings as "dirt and trash." *Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409 (1 *a, b*), 410, 411, 414 (83 S. E. 109, L. R. A. 1915C, Ann. Cas. 1916C); *Love* v. *City of Atlanta,* 95 *Ga.* 129 (51 Am. St. Rep. 64). This doctrine has, however, been construed and applied together with the other equally well-established rule that, if a city negligently and tortiously allows obstructions thus created to remain in its streets or sidewalks, or negligently fails to repair defects thus created in a street or sidewalk, after the exercise of its governmental function has ceased, there may be a recovery against the city. *City of Augusta* v. *Cleveland,* 148 *Ga.* 734, 736, 737 (98 S. E. 345); *Mayor &c. of Savannah* v. *Waldner,* 49 *Ga.* 316; *Mayor &c. of Savannah* v. *Spears,* 66 *Ga.* 304; *Bell* v. *Mayor &c. of Savannah,* 139 *Ga.* 298 (77 S. E. 165). "But none of these cases" recognizing such liability are cases "where *at the time the injury occurred,* the municipality was in the *actual performance* of a governmental function." *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139, 146 (99 S. E. 294). Under the allegations of the instant petition, the negligence complained of relates to the lack of care in the actual performance by the city of the destruction by it of the accumulated trash, and consequently its general demurrer to the petition should have been sustained.

*Judgment reversed. Stephens and Bell, JJ., concur.*