## 17171.  CITY OF ATLANTA *v.* ROBERTSON.

1. The general rule is that a municipal corporatoin is bound to keep its
   streets in a reasonably safe condition for travel by the ordinary modes,
   and will be liable for damages for injuries sustained in consequence of
   its derelictions in this regard, *no matter by what cause* the street may
   have become defective and unsafe, where the city knew or should have
   known of the defect in time to repair it or to give warning of its exist-
   ence.
2. Irrespective of whether a municipal corporation is exercising a "gov-
   ernmental function" in allowing a part of its sewerage system to become
   worn and in a bad state of repair, where a traveler upon a public street
   in a city is injured in consequence of a dangerous condition under the
   surface of the street, of which the city knew or should have known in
   time to repair it or to give warning of its existence before the injury,
   the city can not escape liability upon the ground that such condition
   of the streets was due to its failure to repair its sewerage system.
3. The petition set forth a cause of action. The court did not err in over-
   ruling the general demurrer.

DECIDED OCTOBER 29, 1926.

Damages; from Fulton superior court—Judge Humphries. Jan-
uary 2, 1926.

*J. L. Mayson, C. S. Winn,* for plaintiff in error.

*Reuben R. & Lowry Arnold, E. C. Hill,* contra.

BELL, J. This case is before this court upon exceptions by the
defendant municipality to the judgment of the superior court over-
ruling the defendant's general demurrer to the plaintiff's petition.
The suit was for damages for personal injuries, and contained
among others the following allegations: When the plaintiff was
riding in an automobile along James street in Atlanta "the street
and paving beneath said automobile suddenly and without any
warning gave way and said automobile plunged nose first into a
hole in said street, between fifteen and twenty feet deep," with the
result that the plaintiff was seriously hurt. Under the surface of
James street "at the point above described" is a portion of the
city's sewerage and water system. "The culverts supporting said
sewerage system at the point above described had become worn, de-
cayed, and disintegrated, and the same was insufficient in capacity
and strength to care for the large volume of water and refuse
required to pass this point, and the entire system at the point
above described had been condemned some two or three years ago
by the city authorities although the same was still in use with an

Municipal Corporations, 28 Cyc. p. 1359, n. 51; p. 1360, n. 52; p. 1366,
n. 78; p. 1384, n. 99; p. 1465, n. 36.

increased demand thereon." "On account of the defective condition of said sewerage system at said point and the increased demand thereon, the same had undermined the street at said point above described, washing away all the supporting dirt and structure, and left nothing but a mere shell bridging a cavity some twenty feet or more square and approximately fifteen or twenty feet deep, and the surface of said street suddenly and without warning gave way under the weight of the automobile in which petitioner and his companions were riding, and the whole car fell into the said cavity and was completely submerged therein." The defendant was negligent in failing to keep the sewerage system in a proper state of repair, and in failing to give warning to travelers of the defective condition which existed in the street "beneath the surface thereof" and in keeping the street open to travel when it was "decayed, worn, and in a dangerous state of repair," and when the same "had been condemned and the danger thereof was well known to defendant, its officers, agents, and employees."

The plaintiff gave notice to the city of his injuries and of his claim for damages as a result thereof, as required by section 910 of the Civil Code (1910), more than thirty days prior to the filing of the petition.

The main contention of the counsel for the plaintiff in error is that any default by the city with respect to the proper maintenance of the sewer was a failure to perform a governmental function, that the proximate cause of the plaintiff's injury was a defective sewer and not a defective street, and that therefore the city is not liable. In support of this contention counsel cite the case of *City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734 (98 S. E. 345), from which it is insisted the case of *City of Atlanta* v. *Trussell,* 21 *Ga. App.* 340 (94 S. E. 649), should be distinguished. (See, in this connection, *Lewis* v. *City of Moultrie,* 27 *Ga. App.* 757, 110 S. E. 625.) In the brief of counsel for the plaintiff in error is the following statement and request: "We are aware that this court has held in the case of *Henning* v. *City of Atlanta,* 35 *Ga. App.* 24 (131 S. E. 921), to the contrary of the principles claimed in this brief. However, that case will be [carried by] certiorari to the Supreme Court, and pending the decision on the certiorari we ask that the decision in this case be held up." The petition for certiorari in that case has since been

denied; but we do not think it necessary in the present case to decide whether the city could be held liable for negligence relating solely to the maintenance of its sewerage system, since in our opinion the judgment of the superior court was clearly right, regardless of this question. It seems appropriate that we forego any decision upon this question at this time, because it does not appear what ruling the superior court made thereon, the judge in his order saying: "The basis of plaintiff's suit is not primarily upon alleged defects in the sewer-main, but on account of an alleged unsafe condition of the street, growing out of alleged defects in the sewer-main under the surface of the street. The court can not hold, as a matter of law, that under the allegations of the petition the defendant did not know, or, by the exercise of a proper degree of diligence to keep the street in a safe condition for its ordinary use, could not have known of the alleged unsafe condition of the street."

The test of the sufficiency of a petition is whether the defendant can admit all that the plaintiff alleges and at the same time escape liability. *Citizens & Southern Bank* v. *Union Warehouse & Compress Co.*, 157 *Ga.* 434 (6) (122 S. E. 327) ; *Vandalsem* v. *Caldwell*, 33 *Ga. App.* 88 (7) (125 S. E. 716). Applying this test to the petition before us, we have no hesitancy in holding that a cause of action is stated, even assuming that no actionable breach of duty is shown except with respect to the defective condition of the street, of which the city either had notice, or which had "existed for a sufficient length of time for notice to be inferred." Civil Code (1910), § 898; *Mayor &c. of Montezuma* v. *Wilson*, 82 *Ga.* 206 (2) (9 S. E. 17, 14 Am. St. R. 150). The general rule is that a municipal corporation is bound to keep its streets in a reasonably safe condition for travel by the ordinary modes, and will be liable for damages for injuries sustained in consequence of its derelictions in this regard, *no matter by what cause* the street may have become defective and unsafe, where the city knew or should have known of the defect in time to repair it or to give warning of its existence. *Brown* v. *Mayor &c. of Milledgeville*, 20 *Ga. App.* 392 (1) (93 S. E. 25) ; *Scearce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (1) (126 S. E. 883) ; *City Council of Augusta* v. *Cleveland*, 148 *Ga.* 734 (5) (98 S. E. 345) ; *Mayor &c. of Savannah* v. *Waldner*, 49 *Ga.* 316 (1) ; *Mayor &c. of Savannah* v. *Jones*, 149 *Ga.* 139 (4) (99 S. E. 294).

We can not agree with the contention of counsel for the city that the proximate cause of the injury was a defective sewer and not a defective street. The plaintiff was having nothing to do with the sewer, and the sewer was having nothing to do with him. The sewer was fifteen or more feet under the street, and, in any contact with that, the plaintiff, under the existing circumstances, would have been a trespasser, except for the fact that he had the right to be where he was at the time as a traveler upon the street, and while in the exercise of this right became unwittingly involved in a condition created by defects in the sewerage system. In this use of the street he had his only contact with any duty owed to him by the city, and it would therefore appear that the proximate cause of the injury was a defective street and not a defective sewer. The petition, it is true, describes a condition that was common both to the sewer and to the street, or at least a condition of the street which was brought about by a defect in the sewerage system, and yet it seems that such condition, for the purposes of this case, should be considered as one relating only to the street. In this view, the point mainly relied on by counsel for the plaintiff in error could not be said to be involved in the present case. It is the opinion of the writer that although the duty of the city to properly maintain its sewerage system may be a governmental function, the city is not engaged in a governmental function when it is doing nothing toward the maintenance of such system, and is by neglect and inaction failing to keep it in good condition. I think the city certainly was not "in the actual performance of a governmental function" at the time the injury occurred. *Mayor &c. of Savannah* v. *Jones,* supra; *Mayor &c. of Savannah* v. *Waters,* 33 *Ga. App.* 234 (125 S. E. 772). We hold, however, that irrespective of whether a municipal corporation is exercising a "governmental function" in allowing a part of its sewerage system to become worn and in a bad state of repair, where a traveler upon a public street in a city was injured in consequence of a dangerous condition under the surface of the street, of which the city knew or should have known in time to repair it or to have given warning of its existence before the injury, the city can not escape liability upon the ground that such condition of the street was due to its failure to repair its sewerage system.

The petition set forth a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*