### 19347. McFarland *v.* City of McCaysville.

Bell, J. 1. The general rule is that a municipal corporation is bound to keep its streets, including sidewalks, in a reasonably safe condition for travel by the ordinary methods, and will be liable for injuries sustained in consequence of its failure to do so, no matter by what cause the street or sidewalk may have become defective or unsafe, where the city knew or should have known of the defect in time to repair it or to give warning of its existence. *City of Atlanta* v. *Robertson*, 36 *Ga. App.* 66 (135 S. E. 445).

2. The principle which exempts a municipality from liability for acts done in the exercise of the governmental function "must not be allowed to destroy the other equally well-established doctrine, that if a city negligently and tortiously allows obstructions to remain in its streets or sidewalks, or negligently fails to repair defects in a sidewalk or street, and a citizen in the exercise of due care is injured in consequence of such act of negligence upon the part of the city, there can be a recovery therefor against the city. Each of these two doctrines must be given effect." *City Council of Augusta* v. *Cleveland*, 148 *Ga.* 734 (5), 737 (98 S. E. 345). Such duty as to streets is ministerial and absolute, and is one that is "always on the municipality." *Mayor &c. of Savannah* v. *Jones*, 149 *Ga.* 139 (4), 143 (99 S. E. 294); *Mayor &c. of Milledgeville* v. *Holloway*, 32 *Ga. App.* 734 (124 S. E. 802); *Holliday* v. *Athens*, 10 *Ga. App.* 709 (74 S. E. 67); *Searce* v. *Mayor &c. of*

*Gainesville, 33 Ga. App. 411 (126 S. E. 883); Love v. Atlanta, 95 Ga. 129 (22 S. E. 29, 51 Am. St. R. 64); Sanders v. City of Atlanta, 147 Ga. 819 (95 S. E. 695); 43 C. J. 926, 976, and see especially Mayor &c. of Savannah v. Waters, 33 Ga. App. 234 (125 S. E. 772),* where the two doctrines are stated and reconciled.

3. In a suit for damages against a city, in which a recovery depended upon the establishment of negligence on the part of the city as respects the safety of one of its sidewalks, proof that on a paved walk about five feet wide and at a point five inches from the street the city maintained a fire-plug four inches in diameter and only six inches in height, and that the same was unprotected by any guard or barrier so as to prevent foot-passengers from coming in contact therewith, authorized the inference that, as to a pedestrian who in walking upon such sidewalk was injured by stumbling over such obstruction and falling, the city was negligent in failing to keep the sidewalk in a reasonably safe condition for travel. *City of Brunswick v. Glogauer, 158 Ga. 792 (124 S. E. 787).* Even if it could be said that in determining to locate, and in locating, the fire-plug at the particular place the city was in the exercise of a governmental function, the same would not be true of its failure to place some warning or barrier about the same to protect those who passed along the sidewalk. Moreover, the municipality was not in the *actual performance* of a governmental function at the time the plaintiff's injury occurred. *Mayor &c. of Savannah v. Waters, 33 Ga. App. 234 (125 S. E. 772); City of Rome v. Stewart, 116 Ga. 738 (42 S. E. 1011); City of Thomasville v. Campbell, 38 Ga. App. 249 (143 S. E. 922).*

4. In a case where the master and servant rule does not apply, the plaintiff is not required to show, as an ingredient of his case, that he was free from negligence or could not have avoided the injury by ordinary care, but this is a matter for defense. *Western & Atlantic R. v. Casteel, 138 Ga. 579 (2) (75 S. E. 609).*

5. In such a suit, where the evidence for the plaintiff authorized the inference that the plaintiff was walking along the sidewalk at night, in company with another person, and had no occasion to be strictly mindful of whether the sidewalk contained an obstruction or not, and had no actual knowledge of the existence or location of the fire-plug in question, never having noticed that any such object was located upon the sidewalk in that vicinity, and that while so using the sidewalk the plaintiff's foot came in contact with such obstruction, with the result that she tripped and fell, it can not be said as a matter of law that the plaintiff's injury should be attributed to her own negligence, as the proximate cause, or that the consequences of the defendant's negligence could have been avoided by the exercise of ordinary care. And this is true notwithstanding the plaintiff may have been a resident of the city for several years, during the course of which she had at times traveled upon the identical sidewalk, and although upon the particular occasion there may have been lights in close proximity which afforded ample illumination for ordinary purposes. *Dempsey v. Rome, 94 Ga. 420 (2) (20 S. E. 335); Samples v. City of Atlanta, 95 Ga. 110 (22 S. E. 135); Harrell v. Macon, 1 Ga. App. 413 (2) (58 S. E. 124); Mayor &c. of*

*Americus* v. *Johnson*, 2 *Ga. App.* 378 (2) (58 S. E. 518); *Mayor &c. of Americus* v. *Gartner*, 10 *Ga. App.* 754 (2) (74 S. E. 70); *MacDougald Construction Co.* v. *Newborn*, 34 *Ga. App.* 333 (129 S. E. 917); *City of Macon* v. *Jones*, 36 *Ga. App.* 799 (138 S. E. 283); *City of Rome* v. *Phillips*, 37 *Ga. App.* 299 (2) (139 S. E. 828).

6. Assuming that the petition alleged that the plaintiff came in contact only with the water-plug, there was no fatal variance in the proof, because the plaintiff testified that it was the water-plug and another object "right there together" that tripped her and caused her to fall. *Mayor &c. of Milledgeville* v. *Holloway*, supra.

7. The evidence supported the material allegations of the petition, and it was therefore error to grant a nonsuit. *Rountree* v. *Seaboard Air-Line Ry. Co.*, 31 *Ga. App.* 231 (120 S. E. 654).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 18, 1929.

*Thomas H. Crawford, Morris, Hawkins & Wallace,* for plaintiff.
*Charles G. Casteel, William Butt,* for defendant.