### 20029. BRADDY v. CITY OF DUBLIN.

JENKINS, P. J. 1. It is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition; and if a defect has existed in a sidewalk for such a length of time that by reasonable diligence in the performance of their duties the defect ought to have been known by the proper authorities, notice will be presumed, and proof of actual knowledge will not be necessary in order to render the municipality liable for injuries occasioned thereby. Civil Code (1910), § 898; *Idlett* v. *Atlanta*, 123 *Ga.* 821 (51 S. E. 709) ; *Scearce* v. *Gainesville*, 33 *Ga. App.* 411 (126 S. E. 883). The length of time such a defect must exist in order for an inference of notice to arise is ordinarily a question for the jury. *Enright* v. *Atlanta*, 78 *Ga.* 288 (6) ;

*Mayor &c. of Macon* v. *Morris*, 10 *Ga. App.* 298 (2-*a*) (73 S. E. 539); *City of Rome* v. *Brooks*, 7 *Ga. App.* 244 (66 S. E. 627).

2. "An impracticable or unreasonable amount of inspection should not be required of the corporation, but only such as prudence, good sense and reason make necessary. . . If the defect had been in existence for only a short time, and the agents or officers of the city had no knowledge of it, or a sufficient length of time had not elapsed so that they ought to have known of it in the exercise of ordinary care and diligence, the corporation should not be held liable for an injury resulting because of the defect." *Jackson* v. *Boone*, 93 *Ga.* 662 (3), 666 (20 S. E. 46); *Lewis* v. *Atlanta*, 77 *Ga.* 756 (4 Am. St. R. 108). In the instant case, it appears that the plaintiff was injured by reason of stepping upon the loose cap of a water-meter box situated near the edge of a sidewalk of the defendant municipality, causing her to slip into the meter-box and break her leg. The evidence showed without dispute that the meter-box top had been removed the afternoon of the preceding day by a plumber, in order to remedy some defect in the water-pipes in the home of the patron in front of whose house the injury occurred, and consequently the defective condition of the meter-box top, as existing at the time of the accident, was necessarily occasioned within a period not greater than twenty-four hours from the time the injury occurred. While the evidence does not prove actual knowledge on the part of the authorities of the municipality that the cap had been left improperly fitted over the water-meter box, it does show that after the completion of the work done by the plumber the city plumbing inspector made an inspection about the premises, the householder in front of whose premises the accident occurred testifying that "he first went and looked into the street. I couldn't see whether he opened it or not, but he passed by there two or three times in going to the schoolhouse." Accordingly, in view of all the facts and circumstances pertaining to the particular case, it was for the jury to say whether the city had sufficient opportunity to become aware of the defective condition of the meter-box top at the time the injury occurred, as well as whether the plaintiff was in the exercise of ordinary care for her own safety. The grant of a nonsuit was erroneous.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided May 17, 1930. Rehearing denied July 19, 1930.

*Burch & Daley,* for plaintiff.

*C. K. Nelson, Harvey C. Taylor, William Brunson, C. C. Crockett,* for defendant.