## 25684. CITY OF ROME *v.* BRINKLEY.

DECIDED OCTOBER 19, 1936.

*W. B. Mebane,* for plaintiff in error. *Wright & Covington,* contra.

SUTTON, J. Mrs. Mattie Brinkley brought suit against the City of Rome, for damages on account of personal injuries alleged to have been sustained by her. She alleged, that about eight o'clock p. m., she was walking along a sidewalk in said city, about 100 or more feet from the nearest street light, and at said point the trees overhung the sidewalk, making it entirely dark there; that the street light did not shine upon this place in the sidewalk, and it was impossible for any person to see the defect in the sidewalk; that at this point there was a break in the sidewalk, "one joint of said sidewalk standing approximately six inches above the level of the joint below the same, and causing an obstruction in said sidewalk of approximately six inches;" that plaintiff had no knowledge or notice of said defect in said sidewalk; and that while so walking along the sidewalk, and "exercising all due care for her own protection," she "stepped off of said

elevated portion" thereof, "causing her to fall by tripping thereon and throwing her to the concrete sidewalk;" that the defendant municipality "knew of the existence of said defect in said sidewalk, by reason of the fact that said defect in said sidewalk had existed therein for a period of more than two years; that said sidewalk was upon one of the main public streets of the City of Rome, patrolled by the police officers of the City of Rome; and that said defect, by reason of its existence for said period of time, was notice to the City of Rome of said defect in said ·sidewalk." A copy of a claim alleged to have been filed with the city was attached to the petition. The judge overruled a general demurrer to the petition, and the defendant excepted.

While municipal corporations are not liable for failure to perform, or for errors in performing, their legislative or judicial powers, they are liable "for neglect to perform or for improper or unskilful peformance of their ministerial duties." Code, § 69-301. "If a municipal corporation has not been negligent in constructing or repairing the same, it is not liable for injuries resulting from defects in its streets when it has no actual notice thereof, or such defect has existed for a sufficient length of time for notice to be inferred." § 69-303. The petition in this case does not allege that the city was negligent in the construction of said sidewalk, but alleges that it had notice and knowledge of the existence of a defect therein (six-inch break or unevenness) by reason of its being in a sidewalk that paralleled one of the main public streets in the city, patrolled by its officers, and having existed therein for more than two years. See *City of Rome* v. *Stone*, 46 *Ga. App.* 259 (167 S. E. 325). The general rule of law is that a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes by night as well as by day; and if it fails to do so, it is liable in damages for injuries sustained in consequence. *Brown* v. *Milledgeville*, 20 *Ga. App.* 392 (93 S. E. 25); *Herrington·* v. *Macon*, 125 *Ga.* 58 (54 S. E. 71); *City of Silvertown* v. *Harcourt*, 51 *Ga. App.* 160 (179 S. E. 772); *City of Atlanta* v. *Hampton*, 139 *Ga.* 389 (77 S. E. 393); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318); *Butler·* v. *Atlanta*, 47 *Ga. App.* 341, 343 (170 S. E. 539); *City of Atlanta* v. *Robertson*, 36 *Ga. App.* 66 (135 S. E. 445); *Jolly* v. *Atlanta*, 37 *Ga. App.* 666 (141 S. E. 223); *City*

of *Waycross* v. *Howard,* 42 *Ga. App.* 635 (157 S. E. 247); *Ellis* v. *Southern Grocery Stores,* 46 *Ga. App.* 254 (167 S. E. 324). And where the city knows or ought to know of a defect in time to repair or give warning of it, it is liable for injuries sustained because of the defect, regardless of its cause. *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (148 S. E. 421), and citations, supra. The city will be liable, no matter by what cause the sidewalk may have become defective and unsafe, where it knew or should have known of the defect in time to have repaired it. *City of Atlanta* v. *Robertson,* supra. And what would be "in time" is ordinarily a question for the jury under the facts. If a city has notice of a dangerous defect in a sidewalk, it is its duty to exercise ordinary care in remedying the same or in placing a safeguard about it. *City of East Point* v. *Christian,* 40 *Ga. App.* 633, 638 (151 S. E. 42), et seq. If such defect has existed in the sidewalk for such length of time that by reasonable diligence in performance of their duties the defect ought to have been known by the proper municipal authorities, notice will be presumed, and proof of actual knowledge will not be necessary in order to render the city liable for injuries occasioned thereby. *Braddy* v. *Dublin,* 41 *Ga. App.* 603 (154 S. E. 204); *City of Waycross* v. *Howard,* supra.

Whether the difference of approximately six inches of the sidewalk, as described in the plaintiff's petition, would be a normal irregularity or defect, or whether it was of a dangerous character, would be for the jury under the facts in the case. Of course, where the defect in a sidewalk is so slight that the minds of reasonable men would not differ in the conclusion that it was not dangerous for walking by persons using due care, a cause of action against the city would not be alleged. Whether a particular defect or obstruction in a sidewalk was such as to give a right of action to a person injured thereby is ordinarily a jury question, since it is a complicated question of fact, involving the height of the obstruction, its appearance to pedestrians, and the peril which might have been anticipated by the municipal authorities in the exercise of reasonable forethought. Therefore, under the facts of this case, whether the defendant municipality was negligent in permitting the alleged uneven condition to exist in the sidewalk in said city for two years, and whether or not such condition was sufficient to render the city liable to one injured thereby who was

in the exercise of due care, are questions for the jury. The petition set forth a cause of action as against a general demurrer. *City of Brunswick* v. *Glogauer*, 158 *Ga.* 792 (124 S. E. 787), s. c. 30 *Ga. App.* 727 (119 S. E. 420); *City of Atlanta* v. *Petty*, 43 *Ga. App.* 686 (160 S. E. 121); *City of Atlanta* v. *Hawkins*, 45 *Ga. App.* 847 (166 S. E. 262); *City of Thomasville* v. *Campbell*, 38 *Ga. App.* 249 (143 S. E. 922). Likewise it is alleged that the plaintiff was walking along said sidewalk at night, that the street light was too far away for any of the light therefrom to be thrown on the place in the sidewalk where this alleged defective condition existed, and that there were trees overhanging the sidewalk, rendering the condition much darker. It does not appear that the plaintiff knew of this condition of the sidewalk at this point. In these circumstances it does not appear as a matter of law that the plaintiff was not in the exercise of proper and due care for her own safety, and that her injury was caused by her own negligence. See *McFarland* v. *McCaysville*, supra; *Mayor &c. of Americus* v. *Johnson*, 2 *Ga. App.* 378 (58 S. E. 518); *Dempsey* v. *Rome*, 94 *Ga.* 420 (20 S. E. 335). It follows that the judge did not err in overruling the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*