27385. CITY OF OGLETHORPE *et al. v.* ENGLISH.

DECIDED APRIL 19, 1939.

*Jared J. Bull, Marlin, Martin & Snow,* for plaintiffs in error.
*Jule Felton, Gilbert C. Robinson,* contra.

SUTTON, J. Dave English brought suit against the City of Oglethorpe and W. L. Cobb Construction Company, a non-resident corporation, for damages to his automobile and for personal injuries sustained by him through the alleged negligence of the defendants. The petition alleged that the construction company, after having placed gravel on the highway leading through Oglethorpe on Chatham Street, and known as route No. 49, laid strips of wood three or four feet long and two or three inches wide diagonally in the center of the roadway, to cause traffic to use the extreme right and left sides thereof; that these planks, at the time of the injury and damage to plaintiff, had been knocked from one side of the roadway to the other side for several days by passing automobiles, and had been replaced by store operators from time to time; that on the night of October 27, 1937, about 10 :45 o'clock while passing through the City of Oglethorpe on route No. 49 the plaintiff ran over one of these strips, it having been knocked over on the right side of the highway; that he had not noticed that the strip has been so knocked until he was within a few feet of it, and could

not avoid running over it; that he was in the exercise of proper diligence, and it was impossible for him to have seen the strip until too late to stop his car or go around it; that the mayor and council of the City of Oglethorpe, as well as the policeman who had charge of the repairs of the streets, had actual knowledge that these strips had been placed diagonally across the highway, and that they had been knocked from one side of the road to the other for several days and replaced by store operators; that when he ran over the strip it flew up and struck his car, but, not realizing that any damage had been done, he continued on his way in a straight line to the overhead bridge where there is a turn to the right in ascending the approach to the bridge; that when he attempted to make the turn to the right he learned for the first time that the strip or plank which he had run over had caused his steering-wheel to become locked, and he was unable to turn it one inch, which condition forced the car to go straight ahead and through the wire netting on the ascension or approach to the bridge, his car breaking through the wire netting and dashing down the embankment to the bottom of the fill, totally wrecking his car and he being personally injured in certain particulars. Negligence was alleged against both defendants, (a) in putting the strips or planks in the street in the first instance; (b) in putting these planks in the street without fastening them to that portion of the street which they were endeavoring to keep people from traveling; (c) in not having some one to watch the planks, and, when knocked to either side of the road where travel was invited, to remove the planks from the roadway, over which travel was moving, every few minutes of the day and night; (d) in creating a condition which made it unsafe for a person or persons to travel upon or through the said street; (e) in inviting the public to travel over said street with these obstructions.

The City of Oglethorpe filed a general demurrer on the ground that (a) no act of negligence was charged against it; (b) that the plaintiff's own negligence was the proximate cause of his injury; (c) that it affirmatively appeared that the city had nothing to do with the resurfacing of route No. 49, and was not responsible for the manner in which the contractor performed the work. Several grounds of special demurrer were urged. W. L. Cobb Construction Company filed similar general and special demurrers, and the ad-

ditional ground of demurrer that, since the city was not liable, the company, being a non-resident, was not suable in Macon County. The court overruled all of the demurrers, and the defendants excepted.

1. The petition does not allege whether the W. L. Cobb Construction Company was acting under the direction of the City of Oglethorpe or the State Highway Department; but nevertheless it is the general rule that "a municipal corporation is bound to keep its streets in a reasonably safe condition for travel by the ordinary modes, and will be liable for damages for injuries sustained in consequence of its derelictions in this regard, *no matter by what cause* the street may have become defective and unsafe, where the city knew or should have known of the defect in time to repair it or to give warning of its existence." *City of Atlanta* v. *Robertson,* 36 *Ga. App.* 66 (135 S. E. 445). See also, *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (126 S. E. 883); *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (148 S. E. 421); *City of Rome* v. *Brinkley,* 54 *Ga.* 391, 393 (187 S. E. 911). "An impracticable or unreasonable amount of inspection should not be required of the corporation, but only such as prudence, good sense and reason make necessary. . . If the defect had been in existence for only a short time, and the agents or officers of the city had no knowledge of it, or a sufficient length of time had not elapsed so that they ought to have known of it in the exercise of ordinary care and diligence, the corporation should not be held liable for an injury resulting because of the defect." *Mayor &c. of Jackson* v. *Boone,* 93 *Ga.* 662, 666 (20 S. E. 46). According to the petition, the street in question had been resurfaced by the construction company, and, at the time of the injury and damage complained of, strips or planks of wood three or four feet long and two or three inches wide had been laid diagonally in the center of the street. It appears that, while their purpose was to cause traffic to use the extreme right and left sides of the street, they were so placed and arranged as to be capable of being knocked from their position by a passing automobile to either side of the street, with the result that a plank in its new position might be run over by another passing automobile and be thrown against, into, or under it, and cause damage to the car or its occupant or both; and that in fact under such circumstances injury and damage were sustained by the plaintiff in the present case.

It does not appear that an exact parallel has heretofore come before the appellate courts of this State, but the principle of law is not wanting that negligence may be ascribed where, out of a given condition and circumstances, danger intermittently arises, and where a municipality charged with the duty of keeping its streets and sidewalks reasonably safe for the use of the public does nothing to protect the public against such recurring danger. In *City of Rome* v. *Brooks, 7 Ga. App.* 244 (66 S. E. 627), it was held: "If a water-meter box upon a sidewalk is kept alternately in a safe and in a dangerous condition for a considerable time,—such a length of time as that if the condition was dangerous all the time, notice of the defect could be presumed,—it would not be necessary for one injured by reason of such alternating danger to show notice or knowledge on the part of the municipality upon each recurrence of the danger; but if the condition of the danger is such that safety and danger exist intermittently, it will be presumed that the recurrence of the danger was to be anticipated." In *Chapman* v. *Macon, 55 Ga.* 566, it was held: "Cellar doors opening out on the sidewalk and frequently and negligently kept or left open, endanger the use of such sidewalk in the night, and to persons of imperfect vision, by day, and the city is liable to suit by persons falling into said cellars and injured thereby, if it has notice of such negligent use of the cellars." In *City of Augusta* v. *Hafers,* 61 *Ga.* 48 (34 Am. R. 95), the action was brought to recover damages for alleged negligence of the city in allowing the owner of a lot on one of its streets to keep open a cellar door, whereby the plaintiff, in walking along the sidewalk on the street, fell into the cellar and was injured. In the opinion it was said: "According to the ruling of this court when it was here before, there were two questions to be submitted to the jury: First, was the system adopted by the defendant in regard to allowing cellars on its sidewalks, in front of the business houses thereon, reasonably calculated to insure the safety of those who travel on them either by day or night? Second, was the defendant liable to the plaintiff for negligence in *allowing* the use of the cellar by the owner thereof, under the evidence in the case, according to the ruling of this court in *Chapman* v. *The Mayor etc. of Macon, 55 Ga. Rep.* 566? See 59 *Ib.* 154. In the case of *Chapman* v. *The Mayor etc. of Macon* it was held that if the opening of the cellar door by the owner thereof was a single act of negli-

gence, the city would not be liable, because it would not be charged with knowledge, nor could notice in fifteen minutes be given to it. But if the owner had been for a long time careless and negligent, the city would be presumed to have notice. The court charged the jury amongst other things, 'If you find that the system of cellars with covered doors in the sidewalks, as adopted by defendant, to be reasonably safe and secure, it is then for you to ascertain whether the defendant was guilty of negligence in the use of the cellar by the occupant or owner thereof; and if you find that the defendant has been guilty of negligence, you should give such damages as to fully compensate the plaintiff for all injuries sustained.' This charge of the court, in view of the evidence in the record, was error. The question, according to the ruling of this court, was not whether 'the defendant was guilty of negligence in the use of the cellar by the occupant or owner thereof,' but the question to have been submitted to the jury was whether the defendant was liable to the plaintiff in damages for negligence in *allowing* the use of the cellar by the owner thereof, under the evidence in the case, when applied to the law as ruled by this court in *Chapman* v. *The Mayor etc. of Macon,* before cited."

Actual knowledge, and not mere constructive notice, of the fact that the planks would sometimes be knocked into that portion of the street which the public was invited to use is here involved. It is alleged that the mayor and council and the city policeman, who had charge of the repairs of the streets, knew that the planks had been knocked about for several days and had been replaced by storekeepers. The question arises: were they further charged with the duty of anticipating, in the exercise of ordinary care, the occurrence, though rare, that upon the plank being run over by a passing vehicle it might strike the same and in some way cause damage to it, or injury to its occupant, or both? Under the allegations of the petition and the principles of law above mentioned we think that a cause of action was set forth against the city, and that it was for the jury to determine the issues as to negligence, proximate cause, whether or not the plaintiff in the exercise of ordinary care might have avoided the consequences of the defendants' alleged negligence; and whether or not the plaintiff, if he could not avoid such consequences, was guilty of contributory negligence. Such questions will not be determined by the courts except in plain and

indisputable cases. Counsel for the plaintiffs in error contend in their brief that if the defendant city could be said to have been negligent in not anticipating the action of the plank, when struck by an automobile, and the resulting damage to its driver, the plaintiff must be said to have been equally negligent in not making an investigation, and can not recover, because he knew that the plank had struck his car but continued on at his own peril. While a like degree of care, that is, ordinary care, applied to the defendants in anticipating the danger and to the plaintiff in avoiding the consequences of the defendants' negligence, if any, the parties are not necessarily to be held to the same degree of *vigilance* in foreseeing danger and guarding against it. *Idlett* v. *Atlanta,* 123 *Ga.* 821 (3) (51 S. E. 709). The act of the construction company in placing the planks in the street in the manner alleged was such as might be found to have concurred in producing the injury and damage to the plaintiff; and the petition set forth a cause of action against it. The court did not err in overruling the general demurrers.

2. The special grounds of demurrer are plainly without merit, and it would be unprofitable to enter into a detailed discussion thereof. The court properly overruled them.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., disqualified.*