39360.   CITY OF MARIETTA v. GODWIN.
39361.   BOARD OF LIGHTS &c. OF MARIETTA
v. GODWIN.

Decided May 28, 1962.

*Frank D. Schaffer, Scott S. Edwards, Jr., Edwards, Bentley, Awtrey & Bartlett,* for plaintiffs in error.

*Garvis L. Sams, Reed, Ingram & Flournoy, Conley Ingram,* contra.

BELL, Judge. ■ The defendant board contends that the petition is fatally defective for the reasons that it fails to allege

that the board was in control of the street, or that it was under any contractual duty to place warnings at the site, or to set forth any facts relieving the city from any duty imposed by law to repair the streets or place warnings, signs or barriers, citing *Evans v. Scott & Co.*, 43 Ga. App. 332 (158 SE 584).

In the *Evans* case the petition was held properly dismissed on general demurrer since it failed to allege that the defendants were in control of the highway or they had any contractual duty to place signs, lights, flags, or barriers to warn of its condition or to set forth facts relieving the State Highway Board or the county from any duty imposed by law with respect to placing and maintaining such warnings. However, *Evans* is distinguishable from the present case since the petition here charges that the defendant board "had a duty to fill the hole upon completion of the work for which it was dug and to warn plaintiff and the general public of the existence of the hole in Clay Street before it was filled and before that portion of said street was repaired for travel and use by the public." Furthermore, the petition charges that the defendant board was a subsidiary public corporation of the City of Marietta having charge of the creation, building, operation, and supply of water for the city and had "all the powers previously vested in the Mayor and Council of the city for this purpose."

It is also averred that the hole was made by the defendant board along with the defendant city through the agents and employees of each acting within the scope of their authority and that the defendant board and the city were cooperating in this work since the hole was dug in a public street of the city.

As to each defendant the amended petitions charge that each had the duty to eliminate the dangerous condition in the street, and that each had the duty to place barriers, warnings, lights, signs or other devices to warn users of the street of this condition. There is thus alleged a duty resting upon each defendant, and the breach by each of this duty to the plaintiff's injury.

■ The city contends that the petition is fatally defective for the reason that it fails to allege that the city had any knowledge of the existence of the holes or had any part in the

creation, building, operation and digging of the holes. However, this position is untenable since the amended petition charged that the hole into which the plaintiff stepped was made by the employees and agents of both the defendant board and the defendant city, which was cooperating with the board in the undertaking, since the hole was dug in the public street, and that such agents and employees were acting within the scope of their authority. It is elementary that the knowledge of employees or agents acting within the scope of their authority is attributable to the employer or principal.

The city further urges that since it is alleged that the defendant board was created by the General Assembly as a subsidiary corporation of the City of Marietta to "have charge of the creation, building, operation, and supply of water for the City of Marietta" and to have all the powers previously vested in the mayor and council for this purpose, the petition clearly shows that the city did not participate in any manner whatsoever in the construction or maintenance, or have any control of the alleged operations.

We disagree.

While the petition does charge that the board had the powers previously vested in the mayor and council for the creation, building, operation, and supply of water for the city, we do not construe this assertion as alleging a complete delegation of the city's authority and control over the streets. Furthermore, the petition affirmatively charges that both defendants dug the hole and both had the duty to fill it and to place warning signs, lights or barriers. On demurrer the defendants admitted these allegations which are sufficient with the other allegations in the petition to state a cause of action against each defendant.

It is elementary that the city has a duty to keep its streets and sidewalks in a safe condition for travel and if it does not use ordinary care to do so, it is liable for damages resulting from its failure. *City of Oglethorpe v. English,* 60 Ga. App. 5 (2 SE2d 733).

Thus, if either had performed the duty allegedly resting upon it, the plaintiff's injuries would not have been sustained. However, the failure of a third person to perform a duty owing to

another to protect him from harm threatened by the defendant's negligence is not a superseding cause of the other's harm. 2 Restatement, Torts, § 452 (1934). If the rule were otherwise, each could plead the negligence of the other as a defense and thus the plaintiff would have no remedy. "The third person's failure to perform his duty in this respect makes him concurrently liable with the negligent actor for any harm which results from the actor's negligence and which would have been prevented by the performance of the third person's duty." Ibid., Comment a, and *Shermer v. Crowe*, 53 Ga. App. 418 (186 SE 224). See also *Louisville &c. R. Co. v. Ellis*, 54 Ga. App. 783 (189 SE 559) and 2 Restatement, Torts, op. cit. § 439 (1934), Comment a.

Since the petition charges the defendants each with having the same duty to the plaintiff and the breach thereof, a cause of action was stated against each of them.

The trial court properly overruled the general demurrer of each defendant.

*Judgments affirmed. Felton, C. J., and Hall, J., concur.*